Anderton vs. The City of Milwaukee.

ANDERTON, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

*April 16 — May 3, 1892.*

*Constitutional law: "Equal protection of the laws:" Change in grade of streets: Compensation for injuries: Local acts: Title not expressing subject.*

1. The charter of the city of Milwaukee provides that where any street has been graded to an established grade, the owner of any lot injured by a subsequent alteration of such grade shall be entitled to compensation therefor. Ch. 254, Laws of 1891, entitled "An act to authorize the city of Milwaukee to change the grade of streets," authorizes the alteration of the established grades of streets within a certain limited district (embracing but forty-nine blocks), without any compensation being made for consequential injuries. *Held,* that the act of 1891 is repugnant to sec. 1, art. XIV, Amend. Const. of U. S., in that it denies to the lot owners in the specified district "the equal protection of the laws."

2. The act of 1891 is also in violation of sec. 18, art. IV, Const. of Wis., because it is essentially a local act, relating to a subject not expressed in its title.

| 82 | 279 |
|----|-----|
| o109 | 17 |
| 109 | 18 |
| 82 | 279 |
| 111 | ¹435 |
| 82 | 279 |
| s15 LRA | 830 |
| 53 LRA | 640 |

APPEAL from the Circuit Court for *Milwaukee* County. This action was commenced July 22, 1891. The complaint alleges, in effect, that the plaintiff is a resident and tax-payer of the city, and is now, and for the past five years has been, the owner in fee of lot 1 and the N. ½ of lot 2, in block 48, of the Second ward of the city, which lots are bounded on the west by Third street, having a frontage thereon of sixty feet, and on the north by Prairie street, having a frontage thereon of 147 feet; that there is a building on said lots of sixty by seventy feet, with a cellar and brick foundations, of the value of $13,000, and paying an annual rental of over $2,500, with free and unimpeded access to and egress from said premises on a level with the sidewalk in front thereof; that June 27, 1859, the city caused to be permanently established, in accordance with the provisions of the charter then in force, the grade of said Third street in front of said premises; that to bring said Third street to the grade so established necessitated the filling of said street in front of said premises between three and four feet; that the city ordered and caused said Third street to be actually filled and graded to said established grade, and a stone pavement to be laid thereon; that the city charter then in force provided that, should the grade so established be at any time thereafter altered, all damages, costs, and charges arising therefrom should be paid by the city to the owners of any lots or parcels of land affected or injured thereby; that at the time named the brick building mentioned was standing on the lots aforesaid, and after said ordinance was in full force and effect the plaintiff's grantors, then owning said lots and building, laid out and expended large sums of money in the raising of said building, and in fitting and accommodating the same, and its doors and windows, floors and cellar, to the grade or level, for the convenience and accommodation of the business carried on in said building, and with the express

view to the grade of said Third street, so then established and graded; that said provisions of the charter remained in full force and effect until the revision thereof by ch. 184, Laws of 1874, which provided that "in all cases in which the grade of any street has been permanently established by ordinance since February 20, 1852, or shall hereafter be so established, and after such permanent establishment thereof, and after such street shall have been actually graded to such established grade, the grade so established has been or shall be altered by the said city; the owner of any lot or parcel of land which may be affected or injured in consequence of such alteration shall be entitled to compensation therefor;" that by ch. 254, Laws of 1891, the common council of the city was authorized and empowered by ordinance to revise, alter, change, and establish the grade of all streets, alleys, and sidewalks from Grand avenue to Vliet street, and from the Milwaukee river to Ninth street, in the Second and Fourth wards of the city, and thereupon, from time to time, in its discretion, to cause the same to be graded or otherwise improved, in conformity to the new grades thus permanently established, without paying for any damage or injury thereby occasioned; that in pursuance of said ch. 254, Laws of 1891, and on May 18, 1891, the city passed an ordinance to the effect mentioned in said act, and whereby it is proposed to raise the grade of said Third street in front of the plaintiff's said lots, without any petition or consent of any lot owner, and cause said Third street to be filled in front of said lots to the extent of about fifty-three cubic yards, thereby raising the grade so as to leave the lower floor of the building, and entrance to the store therein, nearly two feet below said grade, and thereby render possession thereof valueless, depriving the plaintiff of said rental value, to his great and irreparable damage and injury; that the city had advertised for bids, and had threatened to open the same July

23, 1891, and to award contracts for raising said grade and raising said street and erecting said sidewalk, as aforesaid; that the proposed filling and raising of said Third street in front of the plaintiff's lots would be nearly two feet higher than the lower floor of said building, and would necessitate either the raising of the building, at an expense of several thousand dollars, or tearing down the same and building anew; that the plaintiff was without any adequate remedy at law; that the board of public works of the city had made pretended assessments of benefits on account of such new grade, and had assessed the plaintiff's said lots to the amount of $120, and threatened to issue a certificate against the plaintiff therefor to the contractor for doing said work; that said ch. 254, Laws of 1891, is unconstitutional and void. An injunction is prayed for.

A preliminary injunction was issued thereon, July 22, 1891, by a court commissioner. Subsequently the defendant obtained an order from the circuit court to show cause why said preliminary injunction should not be dissolved, for the reasons stated in said complaint. Upon a full hearing of that motion, the same was, by an order of said court, denied, and said preliminary injunction thereby continued in full force and effect until the further order of said court, from which said order the defendant appeals.

For the appellant the cause was submitted on the brief of *W. H. Austin*, City Attorney, and *C. F. Hunter*, of counsel. They contended, *inter alia*, that the act of 1891 is not an attempt on the part of the legislature to take from the plaintiff property in which he has any vested rights. In the absence of a statute there is no remedy for one who suffers injuries from the authorized change of a grade of a street. *Dore v. Milwaukee*, 42 Wis. 108, 117; Dillon, Mun. Corp. (4th ed.), secs. 686, 990; *Smith v. Eau Claire*, 78 Wis. 457. The act of 1891 repealed all provisions of law giving damages for injuries by reason of a

change of grade within the territory specified. At the time of the passage of the act no step had been taken towards the alteration of Third street; and the rights under the repealed statutes had, therefore, not ripened into vested rights. *Dillon v. Linder*, 36 Wis. 344, 349; *Shevlin v. Whelen*, 41 id. 88, 92. The title of the act expresses its purpose and is not misleading or obnoxious to sec. 18, art. IV, Const. Cooley, Const. Lim. 175; *Mills v. Charl-ton*, 29 Wis. 400–410; *Evans v. Sharp*, id. 564–569; *State ex rel. Walter v. Union*, 33 N. J. Law, 350; *State ex rel. Doyle v. Newark*, 34 id. 236; *Single v. Marathon Co.* 38 Wis. 363; *Warner v. Knox*, 50 id. 429, 433; *Abeel v. Clark*, 84 Cal. 226.

For the respondent there was a brief by *Elliott & Hickox*, and oral argument by *E. S. Elliott.* To the point that the act of 1891 is repugnant to sec. 18, art. IV, Const., they cited *Durkee v. Janesville*, 26 Wis. 697; *In re Sackett*, 74 N. Y. 95; *In re Paul*, 94 id. 497; *Johnston v. Spicer*, 107 id. 201; *Dobbins v. Northampton*, 50 N. J. Law, 496.

CASSODAY, J. By the ordinance enacted May 18, 1891, under the provisions of ch. 254, Laws of 1891, the newly-established grade of Third street in front of the plaintiff's lots was raised very much above the grade as previously established, and so high as to be nearly two feet above the ground floor of plaintiff's building. At the time of the commencement of this action the city, without any petition therefor or the consent of any of the lot owners to be affected thereby, was about to let the contract for raising said street up to such newly-established grade, and to repave the same, to the plaintiff's great injury and damage, and to assess and charge against said lots a proportionate share of the costs thereof, without taking into account such injury or damage, or any benefits resulting therefrom. As the charter stood prior to the enactment of ch. 254, Laws of

1891, the plaintiff, as such lot owner, would have been entitled to compensation for all injury or damage in consequence of such change of grade. Sec. 8, subch. 7, ch. 184, Laws of 1874. That provision of the charter gave to every lot owner in the city equal protection against damage or injury by reason of any subsequent change of an established grade. Ch. 254, Laws of 1891, undertook to suspend and declare inapplicable that provision of the charter as to that portion of the city lying between Grand avenue and Vliet street, and the Milwaukee river and Ninth street, and which fraction of the city includes the premises in question, and, according to the complaint herein, is less than half a mile square, comprising forty-nine blocks, and covers less than one fortieth part of the city; and said act in effect declares that the benefits arising from such change of grade should be deemed a full equivalent for all damages resulting therefrom, and that no damage, cost, or expense should be assessed or paid to adjoining lot owners by any such alteration of grade, but that all other provisions of the charter should remain applicable to said forty-nine blocks, the same as before said enactment.

If the legislature had power thus to take away from the lot owners in forty-nine particular blocks of the city such rights of property so permanently secured to them by the charter, and at the same time leave such chartered rights unimpaired as to all other lot owners in the city, then the legislature has the same power as to the lot owners in a single block, or even as to the owner of a single lot in a block. It is one of the purposes of American constitutional law to prevent all such special class legislation. This court has repeatedly held void such discriminate exercise of arbitrary legislative power. *Bull v. Conroe*, 13 Wis. 233; *Durkee v. Janesville*, 28 Wis. 464; *Hincks v. Milwaukee*, 46 Wis. 559; *Culbertson v. Coleman*, 47 Wis. 193; *Hughes v. Fond du Lac*, 73 Wis. 382; *Janesville v. Carpenter*, 77 Wis. 303;

*Wilder v. C. & W. M. R. Co.* 70 Mich. 382; *State ex rel. McCue v. Sheriff*, 51 N. W. Rep. 112. In some of these cases, such discrimination between the rights of different suitors was held to be in violation of that provision of our state constitution which secures to every person a certain remedy in the laws for all injuries or wrongs he may receive in his person, property, or character. Sec. 9, art. I. It was to prevent such discrimination in the rights of persons and property that the constitution of the United States was amended so as to declare that no state shall "deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction *the equal protection of the laws*." Sec. 1, art. XIV, Amendments. Here the act, as to owners of lots in the particular blocks mentioned, dispensed with any petition or hearing, and took away all right of compensation for any change of grade, whatever might be the injury or damage. It attempts to make an arbitrary classification and distinction, in regard to such an established grade, between lots similarly situated and subject to the same, or substantially the same, conditions. This is certainly in violation of the constitutional provision quoted. *Scott v. Toledo*, 36 Fed. Rep. 385.

Besides, ch. 254, Laws of 1891, is essentially a local act, relating to a subject not expressed in its title, and hence is in violation of sec. 18, art. IV, Const. Wis. *Durkee v. Janesville*, 26 Wis. 697; *Yellow R. Imp. Co. v. Arnold*, 46 Wis. 214.

*By the Court.*— The order of the circuit court is affirmed.

See note to this case in 15 L. R. A. 830.— REP.