PHIPPS, Administratrix, Respondent, vs. WISCONSIN CENTRAL RAILWAY COMPANY, Appellant.

*September 26—October 15, 1907.*

*Appeal and error: Decisions reviewable: Appealable orders: Discovery: Examination before trial: Second examination: "Former employee:" Constitutional law: Equal protection of law: Remedies: Witnesses.*

1. Orders—one requiring a witness subpoenaed under sec. 4096, Stats. (1898), to answer the questions put to him and to submit to examination, the other refusing to stay and restrain the taking of the depositions of witnesses under such section, are *held* to come within subd. 3, sec. 3069, Stats. (1898), continuing a provisional remedy, and appealable.

2. Under sec. 4096, Stats. (1898), as amended by ch. 244, Laws of 1901, providing for the "examination of the party, his or its . . . employee, or, in case a private corporation be a party, in addition to the foregoing, the examination of . . . the person who was such . . . employee at the time of the occurrence of the facts made the subject of the examination," the former employee specified is a former employee of a corporation and not of an individual.

3. Where by statute a person, natural or artificial, is denied an equal remedy in the law or equal protection in the courts, such statute is void, unless it comes under the circumstances of proper classification, which must be reasonable and based on rules which bear a just relation to the act in respect to which the classification is made.

4. In so far as sec. 4096, Stats. (1898), allows the examination of the former employee in the case of a corporation, but denies such right in the case of an individual, it presents no such differences in the situation and circumstances between the

classes as to suggest propriety of the discrimination, and is in violation of the fourteenth amendment of the United States constitution and sec. 1, art. I, of the state constitution.

5. Sec. 4096, Stats. (1898), contemplates primarily but one examination of a party after issue joined unless upon leave of the court, granted upon notice and cause shown.

6. In proceedings under sec. 4096, Stats. (1898), the right of a party (a corporation) to appeal from orders requiring its employee to submit to examination, and refusing to restrain the taking of the deposition, is not affected by the right of the moving party to take such deposition under sec. 4101, Stats. (1898)— providing for taking depositions where the witness lives more than thirty miles from the place of trial,—since the proceeding is not to take the deposition of the employee as a witness, but to examine him under sec. 4096.

APPEAL from orders of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

This action was brought to recover damages for the death of Charles Phipps on the ground of alleged negligence of the defendant. After the case was at issue the plaintiff examined Thomas H. Gill, attorney, Charles M. Morris, secretary, and C. N. Kalk, chief engineer, of defendant, under sec. 4096, Stats. (1898), and acts amendatory thereof. The examinations were had and completed before the 1st day of June, 1907. On June 17, 1907, plaintiff's attorney gave notice of further examinations pursuant to the act, and proceeded to examine A. H. Dassett, G. B. Johnson, A. J. Van Valkenburg, E. E. Hayes, E. F. Kuehnast, M. D. Vinkle, Thomas Stockland, C. Hilson, Guy Cary, and I. Johnson, alleged in the notice to be employees and former employees of the defendant. The notice fixed the date of examination as June 25, 1907, before R. F. Kountz, court commissioner of the circuit court for Clark county. On June 24, 1907, an order to show cause was served, based on affidavit requiring plaintiff to show cause why the proceedings and examinations so noticed should not be stayed and plaintiff restrained from taking the depositions. On the hearing an order was

entered denying the relief asked for by the defendant. On June 25, 1907, the witness Hayes, as well as other witnesses, refused to testify under advice of counsel for the reason that the commissioner had no jurisdiction to proceed with the examination, because the plaintiff had exhausted her remedy by a former examination, and the proceedings were certified to the circuit court for Milwaukee county. The defendant was required to show cause why the said Hayes should not be compelled to answer and the examination proceed. On the hearing of said order, July 1, 1907, an order was made remanding the proceedings to the court commissioner and ordering that the examination be resumed and that the witness be required to answer the questions and submit to further examination.

The cause was submitted for the appellant on the briefs of *Thos. H. Gill* and *Walter D. Corrigan,* and for the respondent on the brief of *Glicksman & Gold.*

KERWIN, J.   1. It is insisted that the orders are not appealable under the rule laid down in *Phipps v. Wis. Cent. R. Co.* 130 Wis. 279, 110 N. W. 207. · But it will be seen that on the former appeal the order appealed from was "merely an interlocutory order regulating the manner of procedure upon the examination," and therefore not appealable. One of the orders here is an order requiring Hayes to answer the questions put to him and submit to the examination. The other order refused to stay and restrain the plaintiff from taking the depositions of the other witnesses under sec. 4096, Stats. (1898). Both of these orders come within subd. 3, sec. 3069, Stats. (1898), continuing a provisional remedy, and therefore are appealable. *Howell v. Kingsbury,* 15 Wis. 272.

2. It is contended by appellant that sec. 4096, as amended by ch. 244, Laws of 1901, so far as it relates to the examination of a former employee of a corporation, is in conflict

with the fourteenth amendment to the federal constitution
and the declaration of rights in the constitution of the state
of Wisconsin. The portion of the statute as amended, so
far as applicable to the question under consideration, reads
as follows:

"But the examination of the party, his or its assignor,
agent or employee, or, in case a private corporation be a
party, in addition to the foregoing, the examination of the
president, secretary or other principal officer of such cor-
poration, or of the person who was such president, secretary,
officer or agent or employee at the time of the occurrence of
the facts made the subject of the examination."

It is insisted by respondent that this statute may be con-
strued to include the examination of the former employee
of an individual as well as the former employee of a corpora-
tion, and, even if it does not, it is not unconstitutional. Giv-
ing this statute its plain meaning, the court is unable to see
how by any stretch of construction it can be made to include
the examination of a former employee of a natural person.
It clearly and plainly includes the present employee of an
individual in the first part, who was such employee at the
time of examination. But the latter part, it seems, just as
clearly applies to a corporation only, where it provides that
in case a private corporation is a party, "in addition to the
foregoing, the examination of the president, secretary, or
other principal officer of such corporation, or of the person
who was such president, secretary, officer, agent or employee,
at the time of the occurrence of the facts made the subject
of the examination." Now the employee last named does not
by any rule of construction relate back so as to refer to an
individual. So we conclude that the former employee which
the statute provides for the examination of is a former em-
ployee of a corporation and not of an individual. The ques-
tion therefore arises whether the statute limiting the ex-
amination to the former employee of a corporation is un-

duly discriminatory and void. It cannot be denied but that our constitutions, state and federal, are calculated to secure equal protection to all persons, subject to the rules of just classification. When by statute a person, natural or artificial, is denied an equal remedy in the law or equal protection in the courts such statute is void. *Price v. Pa. R. Co.* 113 U. S. 218, 5 Sup. Ct. 427; *Allen v. St. Louis Bank,* 120 U. S. 20, 7 Sup. Ct. 460; *Connolly v. Union S. P. Co.* 184 U. S. 540, 544, 22 Sup. Ct. 431. To this broad rule of equality of all persons before the law is the exception of the right under certain circumstances of proper classification, but this classification must be reasonable and based upon certain rules which bear a just relation to the act in respect to which the classification is made. *Gulf, C. & S. F. R. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255; *Black v. State,* 113 Wis. 205, 218, 89 N. W. 522; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 54, 98 N. W. 954; *State ex rel. Sanderson v. Mann,* 76 Wis. 469, 45 N. W. 526, 46 N. W. 51; *Janesville v. Carpenter,* 77 Wis. 288, 46 N. W. 128; *Anderton v. Milwaukee,* 82 Wis. 279, 52 N. W. 95.

We are cited by counsel for respondent to *Cincinnati St. R. Co. v. Snell,* 193 U. S. 30, 24 Sup. Ct. 319, to the point that the examination afforded by sec. 4096, Stats. (1898), is a mere preliminary matter not affecting any substantial right. In that case it appears that the statute provided a different rule for change of venue in case of a corporation, and the court held that the fourteenth amendment of the federal constitution was not infringed; that remedial process need not be applicable in all its provisions to all persons or parties alike. The statute under consideration was to the effect that:

"When a corporation having more than fifty stockholders is a party in an action pending in a county in which the corporation keeps its principal office, or transacts its principal business, if the opposite party make affidavit that he cannot,

as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties." [Bates' Ohio Ann. Stat. 1906, sec. 5030.]

The legislation was sustained upon the ground that the rights of the parties were governed in the court to which the case was transferred by the same law and the same rules which would have prevailed had the case been tried in the court in which it had been brought, and that a statute providing that under given circumstances a case shall be tried in one forum instead of another does not infringe the constitutional amendment. The case before us, however, involves the right of discrimination in the court in which the action is tried, and the statute provides a substantial difference regarding the rights of the parties in the court in which the action is tried. If the law be valid, the individual, on the one side, has a right to examine, under sec. 4096, Stats. (1898), the former employee of the corporation, while the corporation, on the other side, has no right to examine the former employee of the individual. This statute seems clearly to deny the corporation the equal protection of the law, unless it can be justified upon the ground of proper classification. *Black v. State,* 113 Wis. 205, 218, 89 N. W. 522; *Barbier v. Connolly,* 113 U. S. 27, 5 Sup. Ct. 357; *Hayes v. Missouri,* 120 U. S. 68, 7 Sup. Ct. 350; *Connolly v. Union S. P. Co.* 184 U. S. 540, 544, 22 Sup. Ct. 431; *Duncan v. Missouri,* 152 U. S. 377, 14 Sup. Ct. 570. This statute must therefore be sustained, if at all, on the ground of just classification. We have looked in vain for grounds upon which this classification can stand. A classification, in order to be valid, must be reasonable. It cannot be arbitrary selection. *Gulf, C. & S. F. R. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255; *State ex rel. Sanderson v. Mann,* 76 Wis. 469, 45 N. W. 526, 46 N. W. 51; *Black v. State,* 113 Wis. 205, 218, 89 N. W.

522; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 54, 98
N. W. 954; *State v. Whitcom,* 122 Wis. 110, 99 N. W. 468;
*Janesville v. Carpenter,* 77 Wis. 288, 46 N. W. 128; *Ander-
ton v. Milwaukee,* 82 Wis., 279, 52 N. W. 95. The rules
governing the right of classification have been often stated
by this and other courts. *Black v. State, supra; State ex rel.
Risch v. Trustees, supra; Nichols v. Walter,* 37 Minn. 264,
33 N. W. 800.

"The true practical limitation of the legislative power 'to
classify is that the classification shall be upon some apparent
natural reason——some reason suggested by necessity, by such
a difference in the situation and circumstances of the sub-
jects placed in different classes as suggests the necessity or
propriety of different legislation with respect to them."
*Nichols v. Walter,* 37 Minn. 264, 272, 33 N. W. 800.

While it is true that the necessity and propriety of classifi-
cation are primarily legislative questions, it is also true that
the legislature must keep within the limits of constitutional
bounds.

Now, in view of the established rules governing the right
of classification, we are unable to see how the statute in ques-
tion can be upheld. There is no substantial distinction be-
tween individuals pursuing their remedies in the courts of
justice and corporations. The one is entitled to the same
rights, remedies, and privileges as the other. There is no
ground for classification in this regard. The very object
of the constitutional provisions, state and federal, is to place
them upon an equality before the law in maintaining and
defending their rights in the courts. There is no apparent
natural reason suggested by necessity, no such difference
in the situation and circumstances between the classes in the
legislation in question as to suggest the propriety of the dis-
crimination, and therefore the statute allowing examination
of the former employee of a corporation, and denying such
right in case of an individual, is in violation of the four-
teenth amendment of the United States constitution and

sec. 1, art. I, of the state constitution. *State v. Whitcom,* 122 Wis. 110, 99 N. W. 468; *Huber v. Merkel,* 117 Wis. 355, 94 N. W. 354; *Luman v. Hitchens Bros. Co.* 90 Md. 14, 44 Atl. 1051; *State ex rel. Wyatt v. Ashbrook,* 154 Mo. 375, 55 S. W. 627; *State v. Goodwill,* 33 W. Va. 179, 10 S. E. 285.

3. It is further insisted by counsel for appellant that sec. 4096, Stats. (1898), as amended, contemplates but one examination of a party, and after that examination is had the right is exhausted. It would seem from the language of the statute that repeated examinations of the same party in the action were not contemplated by the legislature. The statute abolishes the ancient action for discovery and provides for the examination of a party, and, in case a private corporation be a party, for examination of its officers. It provides for examination outside of the state in the manner of taking depositions. It further provides that examinations shall not be compelled in any other county than that in which the party resides. It also provides for examination before issue joined, but that such examination shall not preclude the right to another examination after issue joined upon all the issues in the case. Now, it seems quite clear that the statute contemplates primarily but one examination of a party after issue joined where it may be had in the same county. But the right of further examination, in a proper case, on account of inadvertence, surprise, or excusable neglect, doubtless exists, and should be allowed upon application to the trial court in which the action is pending upon notice and proper showing. This, we think, is a reasonable construction of the statute, and the one best calculated to carry out the obvious intention of the legislature. Sec. 4096, Stats. (1898); *Estate of Spreen,* 1 N. Y. Civ. Proc. 375; *Dambmann v. Butterfield,* 15 Hun, 495.

It is contended by respondent that appellant is not aggrieved by the orders and therefore the appeal should not be

entertained. This contention is based upon the claim that the plaintiff had the right to take the deposition of the witnesses under sec. 4101, Stats. (1898), because they lived more than thirty miles from the place of trial. But the proceeding was not to take the deposition of the parties as witnesses, but to examine them under sec. 4096, Stats. (1898), and the orders continued such proceeding.

It follows that the provision of the statute attempting to allow the examination of a former employee is void and of no effect, as being repugnant to the fourteenth amendment to the constitution of the United States and sec. 1, art. I, of the constitution of the state of Wisconsin; that there was no right to a second examination, because of the prior examination, without leave of the court granted upon notice and cause shown.

*By the Court.*—The orders appealed from are reversed, and the action remanded for further proceedings in accordance with law and this opinion.

TIMLIN, J., took no part.