MAERCKER, Plaintiff in error, vs. CITY OF MILWAUKEE, Defendant in error.

*November 19—December 10, 1912.*

*Municipal corporations: Ordinances: Validity: Classification: Rendering of animal matter: Discrimination: Reasonableness of ordinance: Court or jury.*

1. In the enactment of municipal ordinances, as well as of statutes, reasonable classification is permissible, subject to constitutional limitations; and only where the bounds of legislative discretion are clearly exceeded will the court deny validity to the legislation. The general rules governing proper classification are the same in both cases.

2. There is reasonable ground for discrimination between the business of rendering offal and shop fats collected from butcher shops and that of rendering fresh material from animals slaughtered on the premises where rendered, and an ordinance prohibiting the former within certain limits, while permitting the latter, is valid.

3. Where municipal legislative action proceeds from authority expressly granted, and the facts are undisputed, the question whether a city council has exceeded its power by enacting an unreasonable ordinance is purely judicial, to be considered substantially the same as the question whether the legislature has in a given case exceeded its constitutional authority, reasonable doubts being resolved in favor of municipal power.

ERROR to review a judgment of the municipal court of Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This is a writ of error to the municipal court of Milwaukee county to review a judgment of that court. The plaintiff in error was found guilty of violating sec. 1 of an ordinance of the city of *Milwaukee* and sentenced to pay a penalty of $25 and costs. The ordinance prohibits the rendering of any animal or animal matter within the limits of the city of *Milwaukee* and within a distance of four miles therefrom, "except where the product when rendered is to be used for human food, and excepting the fresh material from animals, slaughtered on the premises where rendered." The ordinance also provides that the Milwaukee, Menomonee, and Kinnickinnic rivers with their branches, to the outer limits of the county of Milwaukee, and all canals connected with said rivers, together with the lands adjacent to said rivers and canals, or within 100 rods thereof, shall be deemed to be within the jurisdiction of the city.

Sec. 2 of this ordinance provides a penalty by fine of not less than $25 nor more than $200 for each offense, and that each and every day upon which any such rendering shall be done shall be a separate offense.

A demurrer was interposed to the amended complaint and overruled, and defendant pleaded not guilty. Objection was made to any evidence under the complaint upon the ground that it does not show on its face that defendant violated any ordinance of the city of *Milwaukee,* and that the common council had no power to pass the ordinance. At the close of the evidence counsel for plaintiff in error moved for discharge on several grounds, which motion was denied. The following verdict was rendered:

"(1) Did the defendant on August 12, 1911, at his place of business on Vogel's Island, on Canal street, in the city of *Milwaukee,* render about 10,000 pounds of animal matter known as meat-market scraps or offal, collected from meat markets within the city of *Milwaukee,* not to be used for human food, and not from animals killed on the premises? *A.* Yes.

"(2) Do you find the defendant, *Otto Maercker,* guilty or not guilty of a violation of the ordinance on August 12, 1911, as charged in the complaint? *A.* Guilty.

"(3) Did the business of rendering the class, amount, and condition of material such as rendered by the defendant on the 12th day of August, 1911, within the limits of the city of *Milwaukee,* on Vogel's Island, and upon a slip or branch of the Menomonee river opening into said river, create a public nuisance? *A.* No.

"(4) Was there, with relation to the public health, comfort and welfare of the citizens of *Milwaukee,* a material difference in fact between the rendering of a like amount of fresh material taken from animals slaughtered on the premises where rendered, and the rendering of a like amount of such material as was rendered by the defendant known as meat-market scraps or offal, on the 12th day of August, 1911? *A.* No.

"(5) Did the rendering of the class and condition of material such as was rendered by the defendant on August 12, 1911, materially interfere with the public health, comfort and convenience of the citizens of *Milwaukee? A.* No."

For the plaintiff in error there was a brief by *Lenicheck, Robinson, Fairchild & Boesel,* and oral argument by *E. T. Fairchild* and *F. T. Boesel.*

For the defendant in error there was a brief by *Daniel W. Hoan,* city attorney, and *E. L. McIntyre,* special assistant city attorney, and oral argument by *Mr. McIntyre.*

KERWIN, J.    The plaintiff in error, hereinafter called the defendant, was convicted below of violating an ordinance of the city of *Milwaukee* and brings the judgment here for review by writ of error.

The conviction was under an ordinance prohibiting the rendering of any animal or animal matter within the limits of the city of *Milwaukee* and within four miles therefrom, subject to certain exceptions. The main contention of the defendant is that the ordinance on which the proceedings are

based is invalid because it creates an unjust, unreasonable classification and is discriminatory.

Under this head counsel for defendant cites us to the following authorities: *State ex rel. Garrabad v. Dering,* 84 Wis. 585, 54 N. W. 1104; *Crowley v. West,* 52 La. Ann. 526, 27 South. 53, 47 L. R. A. 652; *People ex rel. Duryea v. Wilber,* 198 N. Y. 1, 90 N. E. 1140; *Bear v. Cedar Rapids,* 147 Iowa, 341, 126 N. W. 324; *New Hampshire v. Pennoyer,* 65 N. H. 113, 18 Atl. 878, 5 L. R. A. 709; *Fulton v. Norteman,* 60 W. Va. 562, 55 S. E. 658, 9 L. R. A. N. S. 1196; *State v. Whitcom,* 122 Wis. 110, 99 N. W. 468; *Simrall v. Covington,* 16 Ky. Law Rep. 770, 29 S. W. 880, 9 L. R. A. 556; *Kosciusko v. Slomberg,* 68 Miss. 469, 9 South. 297, 12 L. R. A. 528; *Hudson v. Thorne,* 7 Paige, 261; *State v. Miksicek,* 225 Mo. 561, 125 S. W. 507; *Servonitz v. State,* 133 Wis. 231, 113 N. W. 277. An examination of the foregoing cases cited by counsel for defendant will show that they turn mainly upon the question of classification, and some involve the questions of reasonableness, conflict with charter provisions, statutes, and general principles of the common law, and constitutions, state and federal.

An examination of the ordinance under consideration will show that the question here is one of classification only. If the classification can be sustained the ordinance is valid. The part of the ordinance attacked as void is as follows:

"Sec. 1. The rendering of any animal or animal matter, except where the product when rendered is to be used for human food, and excepting the fresh material from animals slaughtered on the premises where rendered, is hereby prohibited within the limits of the city of *Milwaukee* and within a distance of four miles therefrom. . . ."

There is no question about the authority of the common council of the city of *Milwaukee* to regulate the subject under consideration. Express authority is conferred by the legislature. Sec. 3, ch. IV, Milwaukee Charter, 1905. After

the general enumeration of powers of the common council, subd. 7, sec. 3, ch. IV, provides:

"To direct the location and management of, and regulate breweries, tanneries, packing houses, livery stables, and sale stables; and to direct the location, management and construction of, and regulate, license, restrain, abate or prohibit within the city and the distance of four miles therefrom, distilleries, slaughtering establishments, establishments for steaming or rendering lard, tallow, offal, and such other substances as can or may be rendered, soap factories, and all establishments or places where any nauseous, offensive or unwholesome business may be carried on; provided, that for the purpose of this section the Milwaukee, Menomonee and Kinnickinnic rivers, with their branches, to the outer limits of the county of Milwaukee, and all canals connected with said rivers, together with the lands adjacent to said rivers and canals, or within one hundred rods thereof, shall be deemed to be within the jurisdiction of the city."

It will be seen from the foregoing provisions of the charter that express authority is delegated to the city to "license, restrain, abate or prohibit within the city, . . . slaughtering establishments, establishments for steaming or rendering lard, tallow, offal, and such other substances as can or may be rendered. . . ."

The city having express authority to pass an ordinance regulating or prohibiting rendering within the city, the question arises whether the classification is valid. It is well established by the decisions of this court that the policy of classification, subject to constitutional limitations, is within legislative discretion. *Servonitz v. State,* 133 Wis. 231, 113 N. W. 277; *State v. Evans,* 130 Wis. 381, 110 N. W. 241; *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 87 N. W. 561. In *Servonitz v. State, supra,* the court said at page 239:

"In considering the subject we must bear in mind that the policy of classification is a matter wholly within legislative discretion, and that whether there is room for the classification made in any given case is primarily a legislative question and can never become a judicial one except for the purpose

of determining, in any given situation, whether legislative action passed the boundaries of reason, reasonable doubts to be resolved in the negative."

Legislative authority having been delegated to the city to deal with the subject within the field of regulation, the question arises whether it exceeded legislative bounds as regards classification. In *Bartlett v. Eau Claire Co.* 112 Wis. 237 (88 N. W. 61), at page 247 this court said:

"Nevertheless, the very fact of delegation of legislative power to regulate carries an implication that there is a considerable field for legislative discretion within which the depository is not subject to judicial review. Only when the just bounds of that field are clearly exceeded will courts deny validity to the legislation."

See, also, on this point, *Bonnett v. Vallier,* 136 Wis. 193, 116 N. W. 885; *La Pointe v. O'Malley,* 47 Wis. 332, 2 N. W. 332; *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209.

The general rule governing proper classification has often been laid down by this court. The classification must be germane to the purpose of the law. It must not be based upon existing circumstances only, or so constituted as to preclude additions to the number included within a class, and the law must apply equally to each member of the class, and all classification must be based upon substantial distinctions which make one class different from another. *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954; *Black v. State,* 113 Wis. 205, 89 N. W. 522; *State v. Whitcom,* 122 Wis. 110, 99 N. W. 468; *Phipps v. Wis. Cent. R. Co.* 133 Wis. 153, 113 N. W. 456; *State ex rel. Busacker v. Groth,* 132 Wis. 283, 112 N. W. 431; *State v. Evans,* 130 Wis. 381, 110 N. W. 241; *Bingham v. Milwaukee Co.* 127 Wis. 344, 106 N. W. 1071. We think the classification in the instant case is valid, and not out of harmony with the decisions of this court upon the subject.

The question on classification is whether there is reasonable ground for discriminating between the business of render-

ing offal and shop fats, material collected from butcher shops, and fresh material from animals slaughtered on the premises where rendered.   Now it seems clear that there is a substantial distinction, clearly marked, between rendering fresh material from animals slaughtered on the premises where rendered, and rendering offal and shop fats collected from butcher shops, when we apply the reason of the prohibition. A general rendering business from such offal and shop fats as are collected throughout the city might be very offensive to citizens if not restrained, while rendering fresh material on the premises where the animals are slaughtered might not be.   There is an apparent natural reason for the classification.   As said in *Nichols v. Walter,* 37 Minn. 264, 33 N. W. 800:

"The true practical limitation of the legislative power to classify is that the classification shall be based upon some apparent natural reason,—some reason suggested by necessity, by such a difference in the situation and circumstances of the subjects placed in different classes as suggests the necessity or propriety of different legislation with respect to them."

*State v. Whitcom,* 122 Wis. 110, 99 N. W. 468; *Servonitz v. State,* 133 Wis. 231, 113 N. W. 277; *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 87 N. W. 561.

The ordinance applies to every rendering plant in the city coming within the class and cannot be regarded as an unlawful discrimination.   *Milwaukee v. Gross,* 21 Wis. 241.   See, also, *Slaughter-House Cases,* 16 Wall. 36; *Clark v. Titusville,* 184 U. S. 329, 22 Sup. Ct. 382; *Morrill v. State,* 38 Wis. 428; *State ex rel. Henshall v. Ludington,* 33 Wis. 107. The defendant here complains of the burden cast upon him by the ordinance, and it is probably true that it does not rest lightly.   But as said in *State ex rel. Kellogg v. Currens,* 111 Wis. 431 (87 N. W. 561), at page 440, "No classification is perfect.   No general line can be drawn that will not present glaring cases of inequality and inconsistency."

Counsel for defendant cites but two cases from this court

to sustain his position that the classification in the case at bar is invalid. *State ex rel. Garrabad v. Dering,* 84 Wis. 585, 54 N. W. 1104, and *State v. Whitcom,* 122 Wis. 110, 99 N. W. 468. In the first case the classification was manifestly unauthorized under the rules repeatedly laid down by this court, and, moreover, unwarranted power to determine the classification was under the ordinance vested in the mayor. By the ordinance it was provided that it should be unlawful for any person, society, or association, etc., to march or parade upon certain streets shouting, singing, etc., without first having obtained permission from the mayor of the city, and that the provisions of the ordinance referred to should not apply to funerals, fire companies, regularly organized companies of the state militia, or political parties having a regular state organization. It needs no argument to show that such an ordinance is void. In *State v. Whitcom* it was held that there was no legitimate classification germane to the purpose of the law. The law was a peddler's law, requiring payment by some for a license to peddle and exempting others. The classification was not classification at all, based upon any legitimate rule. It was merely arbitrary selection. So the *Whitcom Case* has no bearing here.

We do not regard it necessary to go outside of this state for authority upon the subject of classification. This court has so fully and repeatedly discussed the matter in all its phases that authority from foreign jurisdictions can add little to the adjudications here.

It is further contended that the reasonableness of the ordinance was a question of fact for the jury. This question is properly raised on the record and error assigned thereon. Counsel relies mainly upon *Clason v. Milwaukee,* 30 Wis. 316; *Atkinson v. Goodrich T. Co.* 60 Wis. 141, 18 N. W. 764; *Hayes v. Appleton,* 24 Wis. 542; *Barling v. West,* 29 Wis. 307; 2 McQuillin, Mun. Corp. 1584.

There is authority for the position of counsel for defendant as shown by the above cases. But the rule is of limited ap-

plication and the decisions conflicting. 2 McQuillin, above cited, pages 1583 and 1584, says:

"The doctrine is uniformly supported that the question whether an ordinance is reasonable is one of law for the court. This is the rule, declares the supreme court of Minnesota, both when the invalidity of the ordinance is apparent on its face and where the invalidity is made to appear from extrinsic facts.

"A few Wisconsin cases have held that, under particular circumstances, as where the question of reasonableness depended upon the existence of certain facts concerning which the court possessed no judicial knowledge, it is entirely proper to look into the facts and submit the question of reasonableness to the jury. And in a Texas case the law on the subject was stated to be that, where the facts which may render an ordinance reasonable or unreasonable are controverted, they should be submitted to the jury to pass upon. So a North Carolina decision expresses the view that 'the reasonableness of an ordinance is for the court, the jury only being called in to find the facts, when in dispute.'"

Several cases are cited by the author in support of the propositions laid down in the text.

We think this court has correctly stated the rule in a case much later than those above cited, *Stafford v. Chippewa Valley E. R. Co.* 110 Wis. 331 (85 N. W. 1036), at page 351, where the court said:

"Whether, in any given case where the facts are undisputed, a city council has exceeded its power by the enactment of an unreasonable ordinance, is purely a judicial question, to be considered substantially the same as that of whether the legislature has exceeded its constitutional authority, reasonable doubts being resolved in favor of municipal power."

See, also, *Bartlett v. Eau Claire Co.* 112 Wis. 237, 88 N. W. 61.

Even in *Clason v. Milwaukee*, 30 Wis. 316, it is held that ordinarily the question of reasonableness is for the court.

Where municipal legislative action proceeds from authority

expressly granted, "the rule seems to be universally that which applies to the action of all legislative bodies." 2 Abbott, Mun. Corp. p. 1358; *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209; McQuillin, Mun. Ord. § 181; *Block v. Chicago,* 239 Ill. 251, 260, 87 N. E. 1011; *Peoria v. Calhoun,* 29 Ill. 317; *Shea v. Muncie,* 148 Ind. 14, 46 N. E. 148.

In the case at bar it is clear from the authorities that the reasonableness of the ordinance was for the court. The ordinance being valid, the findings of the jury, 3, 4, and 5, were immaterial. *Taylor v. State,* 35 Wis. 298. We find no error in the record and think the judgment is right and should be affirmed.

*By the Court.*—Judgment affirmed.