BILLINGTON, Appellant, vs. EASTERN WISCONSIN RAILWAY & LIGHT COMPANY, Respondent.

*December 18, 1908—January 5, 1909.*

*Appeal and error: Review of intermediate order: Judgment roll: Exceptions: Affirmance and reversal: Electricity: Personal injuries: Contributory negligence.*

1. An order for judgment on a special verdict is properly part of the judgment roll and therefore no exception is necessary to procure its review.

2. A written direction changing the answer to a question of the special verdict incorporated into the order for judgment upon that verdict is within the class of orders mentioned in sec. 3070, Stats. 1898 (involving the merits and necessarily affecting the judgment, and appearing upon the record transmitted on appeal), and may be reviewed in the supreme court in the absence of exception thereto.

3. Although the bill of exceptions was not certified to contain all the evidence, the supreme court in this case examined it sufficiently to ascertain whether there might not be such clear evidence returned contrary to the decision below as to make it proper to send back the record for correction by proper certificate to the bill of exceptions.

4. Where, in an action for personal injuries, it appeared without dispute that plaintiff, twenty-five years of age, knew he was taking hold of a live electric wire heavily charged, had before him actual demonstration of its condition, and yet intentionally and unnecessarily but from good motives grasped the wire, assuming, without real knowledge, to know that he would be protected by the insulating cover upon the wire, the supreme court is not prepared to say that the trial court erred in inferring from such evidence, stated most favorably to the plaintiff, that he was guilty of a slight want of ordinary care which contributed to his injury.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The appeal is from a judgment in an action for damages to the person caused by the alleged negligence of the defendant.

For the appellant there was a brief by *Morse & Williams,* and oral argument by *R. L. Morse.*

Among other references upon the part of the appellant were the following: *Zentner v. Oshkosh G. L. Co.* 126 Wis. 196, 105 N. W. 911; 51 Cent. Law Jour. 449; *Revolinski v. Adams C. Co.* 118 Wis. 324, 95 N. W. 122; *Grant v. Keystone L. Co.* 119 Wis. 229, 96 N. W. 535; Shearman & Redf. Neg. § 87.

For the respondent there was a brief by *Doyle & Hardgrove,* of counsel, and oral argument by *T. L. Doyle.*

Among other references upon the part of the respondent were *Wunderlich v. Palatine Ins. Co.* 104 Wis. 382, 80 N. W. 471; Keasbey, Elec. Wires, § 256; 15 Cyc. 476; 7 Current Law, 1264; *Randall v. N. W. Tel. Co.* 54 Wis. 140, 11 N. W. 419.


TIMLIN, J.   The jury rendered a special verdict finding the negligence of the defendant and consequent damage to the plaintiff in the sum of $3,000.   Among the questions of the special verdict was one numbered 6, which inquired whether there was any want of ordinary care on the part of the plaintiff which contributed to produce his injury.   This the jury answered "No."   Upon motion of the defendant the circuit court set aside this answer and answered the question in the affirmative and ordered judgment for defendant. There was no exception taken to this ruling of the court. The order for judgment on the special verdict is properly part of the judgment roll and therefore no exception is necessary to review such order.   Sec. 2872, Stats. (1898).   Upon appeal from a judgment this court is authorized to review any intermediate order or determination of the court below which involves the merits or necessarily affects the judgment and which appears upon the record transmitted, whether the same be excepted to or not.   Sec. 3070, Stats. (1898); *Morris v. Nat. P. Soc.* 106 Wis. 92, 81 N. W. 1036; *Jones v.*

*Broadway R. R. Co.* 136 Wis. 595, 118 N. W. 170.    A written direction changing the answer to a question of the special verdict incorporated into the order for judgment upon that verdict is within the class of orders above described which are reviewed in this court in the absence of exception thereto. In this respect the case differs from *Shannon v. Dorsinski,* 134 Wis. 68, 114 N. W. 129.    But in the instant case there is also no statement in the bill of exceptions or in the certificate appended that the bill contains all the evidence.    The nature of the question determined by the circuit court in changing the answer of the jury to the sixth jury finding necessitates an examination into all the evidence bearing upon the contributory negligence of the plaintiff.    We have nevertheless looked into the evidence returned sufficiently to ascertain whether there might not be such clear evidence returned contrary to the decision below as to make it proper for us to send back the record for correction by proper certificate to the bill of exceptions.    We have come to the conclusion, the writer with considerable doubt, that there is no such evidence.

It appears that the plaintiff is a man about twenty-five years of age, and that on July 4, 1905, while sitting in a public park, he saw some boys playing with a broken electric light wire by placing sticks on the exposed end of the copper wire where the latter was stripped of its insulating covering. He walked over to where they were, saw that the wire was emitting sparks, and that it burned the sticks pressed against it.    It was very apparent, and the plaintiff knew, that this was a broken electric light wire and at the time charged with a heavy current of electricity.    Without saying anything to the boys who were playing with the wire, and after waiting and apparently watching their antics for about half a minute, he stooped down and took hold of this wire with his left hand at a place where it was coated with insulating material, and some two feet from the exposed and sparking end, for

the purpose of throwing it over the branch of a nearby tree and thus saving the surrounding youngsters from possible injury by contact with the wire. He thought he could safely do this, but he was severely shocked and also had his left hand badly burned.

The distinctive feature of this case is that the plaintiff knew he was taking hold of a live wire heavily charged, had before him actual demonstration of its condition, and yet intentionally and unnecessarily but from good motives grasped the wire assuming, without any real knowledge, to know that he would be protected by the insulating cover upon the wire. The circuit court may have inferred from this evidence, above stated most favorably to the plaintiff, that the plaintiff was guilty of a slight want of ordinary care which contributed to his injury, and this court is not prepared to say the court below erred in so ruling.

*By the Court.*—Judgment affirmed.