ENNIS, Respondent, vs. M. A. HANNA DOCK COMPANY; Appellant.

*February 22—March 12, 1912.*

*Master and servant: Negligence: Unsafe working place: Falling into open pit at night: Diversion of attention: Contributory negligence.*

1. In an action by a servant for injuries received by falling into an open pit on defendant's coal dock, the evidence is *held* to sustain findings by the jury to the effect that the injury was proximately caused by negligence of defendant's superintendent in sending plaintiff, on a dark night, to discover whether any one was stealing coal on the dock, the pit being unknown to plaintiff, but actually or constructively known to defendant, and so located that in executing the order plaintiff was liable to fall into it; and that plaintiff was free from contributory negligence.

2. Sometimes a person is bound to think with reference to where he is about to place his feet, but generally speaking one's attention may be diverted, even by small circumstances, so as to render him excusable by the standard of ordinary care for stepping into a hole or colliding with an obstruction which attention would readily disclose, and even with which he is perfectly familiar.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

Action to recover for a personal injury. The pleadings and evidence presented the question of whether defendant was actionably negligent in sending plaintiff, its servant, on a dark night to a point on its dock to discover whether there was any one there stealing coal, there being an open pit, which was unknown to him, but actually or constructively known to defendant, so located that, in executing the order, he was liable to fall into it and be injured.

There was evidence tending to prove that January 9, 1911, the day of the injury, plaintiff had been serving defendant as

a watchman on its coal dock in Superior, Wisconsin, for some two days, but had not, during that time, been in the particular region, nor did he know of the obstructions there. Defendant's superintendent suspected that some one or more persons under cover of darkness had been in the habit of going upon the dock and stealing coal. On the particular evening he thought he heard thieves at their work and directed plaintiff to go to a designated point on the dock by a particular way and endeavor to capture them. The instructions were so given that plaintiff supposed, and had a right to, that he was to go quickly and in a manner best calculated to make his expedition efficient. There was a way which was customarily used by teams in which plaintiff could have safely traveled substantially to the place to which he was directed by keeping inside the traveled track. It was so dark and the conditions were such that he was liable to wander outside such way and come in contact with the hole while hurrying to get to the particular point.

There had been a fire on the dock the previous fall and, in clearing up after it, a large amount of wreckage was strewn about the cleared part of the dock. This wreckage and some standing cars and piles of lumber were in the course plaintiff was liable to go in the performance of his task. The ground and surface of the dock, not incumbered by wreckage, were covered with ice, snow, and coal dust.

Plaintiff proceeded, hurriedly, intent on the particular purpose of the expedition. In doing so he came in contact with one obstruction after another, backing off each time and taking a new start towards the objective point. He traveled in the road some of the time and some of the time outside of it. The conditions were such that he could not tell, definitely, about that without paying particular attention to the matter, which he did not do, by reason of the fact that he was, all the time, intent upon getting to the place where the disturbance was supposed to be going on.

He went as directed around a coal pile, then across a railroad track, and by some cars and, finally, endeavored to go more directly to the particular place. As he proceeded he came in contact with some obstruction from which he escaped and kept on, not having any familiarity with the conditions, but most of the time in the track used by teams.

Some of the time he got outside of it and went over timbers, but they were covered with snow and ice and coal dust so as to make nearly a level surface. In the end he got out of the track, reached the brink of the pit, which was pretty near the traveled way, and fell in. It was not readily observable because of the darkness and surroundings. He did not see it at all or know of it till he took the fatal step. At the last instant he was walking on what appeared to him to be a level surface, when a single step caused him to drop into the hole which was about six feet deep.

The cause was submitted to the jury, resulting in findings to the effect that plaintiff's injury was proximately caused by want of ordinary care on the part of defendant's superintendent and that plaintiff was free from any contributory negligence. There were further findings so that, in the whole, according to the verdict, plaintiff was entitled to judgment, which was accordingly rendered.

For the appellant there was a brief by *Hanitch & Hartley,* and oral argument by *C. J. Hartley.*

For the respondent the cause was submitted on the brief of *W. P. Crawford.*

MARSHALL, J. The appeal presents the question of whether there was evidence tending to prove that appellant did not exercise ordinary care in respect to respondent and whether there was evidence tending to establish efficient want of ordinary care on respondent's part.

The two questions mentioned may well be answered without discussing, at length, the evidence. They depend upon

whether negligence of the defendant and contributory fault of the plaintiff, or either, were reasonably inferable from evidentiary facts, which the jury doubtless found to exist, since there was room in the evidence therefor.   The ultimate facts as to negligence more often than otherwise are dependable upon circumstantial rather than direct evidence.   Sometimes proof of a particular fact establishes the negligence, in case of there being any, because the act of commission or omission, under the circumstances, is negligence as matter of law. Then the act being conclusively established, there is nothing for a jury to do.   But where, whether there was negligence or not is dependable upon inference of fact from evidentiary circumstances, established by direct evidence, or conceded, in general, the question is for the jury.   It is only where there is, obviously, no conflict in the permissible inferences from the evidence, circumstantial and direct, that the question is for the court.

A reading of the statement of facts will be sufficient to show that this is not a case of single permissible inference as to either of the suggested propositions.   The most attention was paid by counsel, particularly on the oral argument, to the fact that respondent did not proceed thoughtfully as to the condition of the surface over which he was traveling and as to his surroundings, instead of permitting his attention to be so fully diverted by the purpose of his trip.   But, in the judgment of the court, it is not wholly unreasonable to conclude that he acted as prudently as the majority of mankind would, ordinarily, under the same or similar circumstances,—that it was not wholly unreasonable to assume that the average person on a dark night, absorbed in the thought of reaching quickly, and without being discovered, a person engaged in wrongdoing,—as one stealing coal on a dock,—thinking as he would be quite liable to that such wrongdoer upon apprehending imminent danger of being detected would flee,—would not, probably, carefully determine at each step the condition of his pathway or pay any particular attention thereto.

Sometimes a person is bound to think with reference to where he is about to place his feet, but, generally speaking, one's attention may be diverted, even by small circumstances, so as to render him excusable by the standard of ordinary care for stepping into a hole or colliding with an obstruction which attention would readily disclose, and even with which he is perfectly familiar. *Crites v. New Richmond,* 98 Wis. 55, 73 N. W. 322; *Collins v. Janesville,* 111 Wis. 348, 356, 87 N. W. 241, 1087; *Murphy v. Herold Co.* 137 Wis. 609, 119 N. W. 294.

Without further discussion we may well close this case by saying that it is the opinion of the court that the record does not disclose any good ground for interference with the trial court's refusal to disturb the verdict, as contrary to the evidence.

*By the Court.*—The judgment is affirmed.