WILGER, Administratrix, Respondent, vs. WISCONSIN TRAC-
TION, LIGHT, HEAT & POWER COMPANY, Appellant.

*April 13—May 4, 1915.*

*Death caused by negligence: Electric current: Contributory negli-
gence: Finding by jury: Reversal on appeal.*

1. In an action to recover for death of a person caused by negligence,
   a finding by the jury, approved by the trial court, acquitting the
   deceased of contributory negligence will not be disturbed on ap-
   peal unless the evidence of contributory negligence is clear, con-
   vincing, and practically undisputed.
2. Plaintiff's intestate, an adult, knew that electricity was a dan-
   gerous agent and that a fellow employee whose hand had come
   in contact with the metal part of a certain switch had received
   a severe shock—so severe that a part of the flesh of his hand
   was actually adhering to the metal, or so believed to be by said
   intestate; yet, in spite of such knowledge and for no useful pur-
   pose, but merely to demonstrate to another employee that a
   spark could be drawn from the metal part of the switch, he held
   the knuckle of his little finger close to or in contact with such
   metal part and received a fatal shock. *Held,* that he was guilty
   of contributory negligence as matter of law, even though he did
   not know, and perhaps had no reason to believe, that the switch
   was charged with a deadly current. It was not essential that
   he should have known the précise extent of the danger.

APPEAL from a judgment of the municipal court of Outa-
gamie county: THOMAS H. RYAN, Judge. *Reversed.*

Action to recover damages for the death of Joseph Wilger,
an employee of the Fox River Valley Marble, Granite & Cut
Stone Works, caused by his receiving an electric shock while
touching or coming in close proximity to a switch in the
marble works, the wires of which were supplied by the de-
fendant with electric current through a set of transformers.
The Marble Works was originally joined as a defendant, but
the case as to it was settled for $900.

It appears that on September 17, 1910, the deceased, a tool
sharpener, had worked in the forenoon. In the afternoon
at about half-past 3 he returned for his umbrella. In one of

the rooms in the plant was a pump for drawing drinking water run by electric power. The pump was operated by closing an ordinary three-prong knife electric switch located a few feet from it on a wall. In the forenoon of that day an employee named Carr had received a shock, presumably upon touching a metal part of the switch. The deceased and one Schaeffler were discussing the fact that Carr had received a shock, and Schaeffler remarked that Carr must have touched a metal part or he would not have received a shock, to which the deceased replied, "Of course he must have touched the metal, because I can see where his skin is hanging on the metal yet," and he remarked that Carr must have been careless to get a shock. Two or three minutes later the deceased, apparently addressing his remarks to Schaeffler, who was then looking out of a window, said, "I will show you." Schaeffler upon hearing these words turned around and looked at the deceased, who was then standing in front of the switch in question some fourteen feet away, and saw him put the knuckle of the little finger of his right hand against or close up to the metal part of the switch. The contact or proximity of the knuckle to the metal was followed by a flash, and the deceased after staggering for a moment fell to the floor, and died apparently instantaneously and without regaining consciousness. At the time of the flash Schaeffler, who had started to walk toward the deceased when he turned around, was about six feet away and was looking at what deceased was doing. The knuckle of the little finger of his right hand was afterwards found to be burned. At the time he received the shock he stood upon a cement floor which was wet in spots and dry in spots.

Plaintiff claims the defendant was negligent in permitting one of its transformers to become out of repair, by reason of which a current of high potential, in excess of 250 volts and dangerous to human life, was allowed to reach the switch in question. The jury found (1) that deceased came to his

death by coming in contact with the switch in question; (2) that one of the transformers through which power was supplied to the motor operating the pump was so damaged and out of repair at the time deceased was killed as to permit a high potential current in excess of 250 volts and dangerous to human life to reach the switch; (3) that such condition of disrepair had existed for such a length of time that the defendant in the exercise of ordinary care and prudence ought to have known and remedied the same before the accident; (4) that the defendant was negligent in permitting said current to enter the plant of the Marble Works; (5) that such negligence was the proximate cause of the death of deceased; (6) that no want of ordinary care and prudence on the part of deceased contributed to his death; and (7) damages "$3,000 from *Traction Company,* which with the $900 heretofore received makes $3,900." From a judgment for plaintiff in the sum of $3,000 and costs entered upon the verdict the defendant appealed.

The cause was submitted for the appellant on the brief of *Van Dyke, Shaw, Muskat & Van Dyke,* and for the respondent on that of *Martin, Martin & Martin.*

VINJE, J. Defendant presents three grounds upon which the judgment should be reversed. First, because it does not appear that the transformer was defective or out of repair; second, because, if out of repair, defendant was not chargeable with notice thereof; and third, because the deceased was guilty of contributory negligence as a matter of law. Having reached the conclusion that the undisputed evidence sustains the defendant as to the third ground it becomes needless to consider the other two.

The jury absolved the deceased from contributory negligence and the trial court approved of such finding by entering judgment for plaintiff. Under such circumstances the evidence of contributory negligence must be clear and convinc-

ing and be practically undisputed in order to warrant this court in disturbing the result. In this case the evidence relating to the negligence of deceased is undisputed, and we deem it so clearly spells negligence that the jury's finding to the contrary, though approved by the court, cannot be permitted to stand.

The only testimony touching the conduct of the deceased at the time he met his death is that given by Mr. Schaeffler, the substance of which is set out in the statement of facts. From such testimony it appears that deceased knew a shock would be received by coming in contact with or in close proximity to the metal part of the switch. True, he did not know, and perhaps had no reason to believe, that it was charged with a deadly current; neither did he know that it was not. But it was not essential that he should have known the precise extent of the danger or injury. *Coolidge v. Hallauer,* 126 Wis. 244, 105 N. W. 568; *Coel v. Green Bay T. Co.* 147 Wis. 229, 133 N. W. 23; *Dodge v. Kaufman,* 152 Wis. 171, 139 N. W. 741; *Luebben v. Wis. T., L., H. & P. Co.* 154 Wis. 378, 141 N. W. 214. In *Dodge v. Kaufman, supra,* the rule is thus stated:

"It is not necessary that the precise injury should be anticipated, or that it should be foreseen that an injury may happen in a particular manner. It is sufficient if an ordinarily careful and prudent person ought, under the circumstances, to have foreseen that an injury might probably result from the risk in question."

Deceased was a blacksmith forty-six years of age, and knew that electricity was a dangerous agent. He knew that Carr had that forenoon received a severe shock—so severe that a part of the flesh of his hand was actually adhering to the metal, or so believed to be by the deceased. Yet in spite of such knowledge and for no useful purpose, and not in the line of his duty as an employee, but merely to demonstrate to Schaeffler that a spark could be drawn from the metal part of

the switch, he makes the fatal experiment. It is evident that he did not intend to either open or close the switch, for he held the knuckle of his little finger toward the metal part. He made no attempt to take hold of the handle. The switch at the time was open and the handle stood out horizontally from the wall. A few moments before Schaeffler had said he was going to take a drink and the deceased replied that he was going home—indicating that he did not want a drink and was not going to use the switch. It is strongly urged by plaintiff that deceased did not touch the metal part of the switch. This is probably true for two reasons—first, because Schaeffler walked about eight feet while deceased held his knuckle near the switch before a spark was drawn, and second, the presence of a spark or flash would indicate that the current arced— that there was some space between the knuckle and metal. That he intended to draw a spark and not point out something is evident from the fact that he used the knuckle of the little finger and not the index finger or the little finger itself— also from the fact that he brought the knuckle so close to the metal that it either touched or Schaeffler, who was only about six feet away from him, thought it touched. Such conduct on the part of an adult being but a voluntary useless experimentation with a known dangerous agency amounts to contributory negligence. For analogous cases see *Billington v. Eastern Wis. R. & L. Co.* 137 Wis. 416, 119 N. W. 127; *Glander v. Milwaukee E. R. & L. Co.* 155 Wis. 381, 144 N. W. 972; *Stark v. Muskegon T. & L. Co.* 141 Mich. 575, 104 N. W. 1100, and note to same in 1 L. R. A. N. S. 822. In *Billington v. Eastern Wis. R. & L. Co., supra,* plaintiff was held guilty of contributory negligence though he took hold of a live wire for the laudable purpose of placing it beyond the reach of children who were playing with it, and though, without real knowledge, he assumed the insulation of the wire would protect him from danger.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.