HODGSON, Respondent, vs. WISCONSIN GAS & ELECTRIC COMPANY, Appellant.

*November 17—December 8, 1925.*

*Electricity: Lineman repairing wire in place of danger: Contributory negligence: Degree of care required: Question for jury.*

1. One required to work in a place of danger is not required to give that undivided attention to the dangers which threaten him as is required of a person so situated with nothing to divert or distract his attention from such dangers.   p. 343.
2. A momentary diversion of attention or preoccupation of a workman in the discharge of his duty minimizes the degree of care required in the absence of such diversion or preoccupation.   p. 344.
3. Plaintiff, a lineman, while repairing a telephone wire, in transferring it over his head to put it in place came in contact with a live wire of the defendant placed twenty-eight inches above the wire being repaired.   *Held,* that the contributory negligence of the plaintiff was a jury question, under the rule that the diversion or preoccupation so far excuses the exercise of that degree of care ordinarily required as to make it a jury question whether his conduct under the actual circumstances constitutes ordinary care.   p. 344.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *Carl Muskat.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham,* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

OWEN, J.   This action was brought to recover damages for personal injuries.   The plaintiff was a lineman for the Merton Telephone Company.   On the 28th day of February, 1922, he was at the top of a telephone pole repairing a wire.   At this point the power line of the defendant ran above the telephone line.   There was a clearance of twenty-eight inches between the wires of the two lines.   The plaintiff maintained his position on top of the pole by means of a supporting belt.   The wire which he was splicing or repairing was on his right side.   After the wire was repaired he lifted it and transferred it over his head to his left side, where it was to be placed in position.   In so transferring the wire his hand came in contact with the live wire of the defendant's line, causing him serious injury.

The jury found negligence on the part of the defendant in its failure to maintain its wires more than twenty-eight inches from the wires of the telephone company, and in its failure to maintain a warning on or near the poles at the point in question, which negligence constituted the proximate cause of the injury.   It found that there was no want of ordinary care on the part of the plaintiff contributing to the injury.   From a judgment rendered in favor of the plaintiff the defendant appeals.

The only contention on the part of the appellant is that the plaintiff was guilty of contributory negligence as a matter of law, in support of which contention it relies upon *Huber v. La Crosse City R. Co.* 92 Wis. 636, 66 N. W. 708; *Billington v. Eastern Wis. R. & L. Co.* 137 Wis. 416, 119 N. W. 127; *Glander v. Milwaukee E. R. & L. Co.* 155 Wis. 381, 144 N. W. 972; *Wilger v. Wisconsin T., L., H. & P. Co.* 160 Wis. 654, 152 N. W. 414.   While there is language used in the case of *Huber v. La Crosse City R. Co., supra,* which gives some support to appellant's contention, that case did not turn upon the question of plaintiff's contributory negligence.   The decision rested upon the fact that there was no negligence on the part of the defendant.   In

each of the other cases the plaintiffs sustained injuries by coming in contact with an electric wire. To this extent they may be said to be similar to the instant case, but there the similarity ends. In each of those cases the contact with the electric wire on the part of the injured person was the result of a deliberate and intentional act. Furthermore, none of the plaintiffs was engaged in work the prosecution of which brought them into unconscious contact with the wire. In this case the plaintiff was preoccupied with the task in hand. His attention was upon his work, and the movement of his hand which brought it in contact with the wire was to some extent at least an unconscious movement in bringing the wire to its proper position.

The situation of the plaintiff by reason of the fact that he was engaged in work which required his attention, plainly distinguishes this case from the cases cited in support of appellant's contention. In those cases there was nothing to distract or divert attention from the dangerous presence of the wire, but, on the contrary, the injured person was in each of those cases deliberately grasping the wire. A person required to work in a place of danger is not required to give that undivided attention to the dangers which threaten him as is required of a person situated in a place of danger with nothing to divert or distract his attention from such dangers. As was said in *Dinan v. Chicago & M. E. R. Co.* 164 Wis. 295, 159 N. W. 944:

"A man who is engaged in work upon the highway cannot, if he performs his duty, spend a large part of his time in looking for the approach of street cars or other vehicles. In a busy street he would accomplish little if he did so. Of course he cannot let his thoughts go wool gathering and expect all users of the highway to give place to him; he must exercise some vigilance; he must keep that lookout for vehicles and cars which an ordinarily careful man similarly situated would keep; a man who is compelled to be in the street and to be giving attention to his work. Such care must manifestly be a lesser degree than the care re-

quired of a person who is on the highway for the purpose of travel alone and may come and go at will."

This court has consistently held that a momentary diversion of attention, or preoccupation in the discharge of duties, minimizes the degree of care required in the absence of such diversion or preoccupation. The following are a few of the cases illustrating the principle: *Wheeler v. Westport,* 30 Wis. 392; *Dorsey v. Phillips & Colby C. Co.* 42 Wis. 583; *Colf v. C., St. P., M. & O. R. Co.* 87 Wis. 273, 58 N. W. 408; *West v. Eau Claire,* 89 Wis. 31, 61 N. W. 313; *Coppins v. Jefferson,* 126 Wis. 578, 105 N. W. 1078; *Murphy v. Herold Co.* 137 Wis. 609, 119 N. W. 294; *Ennis v. M. A. Hanna D. Co.* 148 Wis. 655, 134 N. W. 1051; *Madison v. Antigo,* 153 Wis. 448, 141 N. W. 287; *Isgro v. Plankinton P. Co.* 176 Wis. 507, 186 N. W. 606. The doctrine of these cases may be thus stated: Such diversion or preoccupation so far excuses the exercise of that degree of care ordinarily required as to make it a jury question whether the plaintiff's conduct under the actual circumstances constitutes ordinary care. This case comes clearly within the doctrine of those cases, and the contributory negligence of the plaintiff was a jury question.

*By the Court.*—Judgment affirmed.