KORTENDICK, Appellant, vs. TOWN OF WATERFORD, Respondent.

*February 19—March 10, 1908.*

*Nonsuit: When proper: Highway: Defect: Evidence: Sufficiency.*

1. If the evidence in any reasonable view thereof, giving plaintiff the benefit of the most favorable inferences that can fairly be attributed thereto, would support a verdict in his favor, a nonsuit cannot properly be granted.

2. In an action against a town for the death of a horse by a defect-
ive highway, the evidence is *held* sufficient to require the sub-
mission to the jury of the questions whether the defect existed
a sufficient length of time before the injury to enable the town
officers by the exercise of ordinary care to discover and remedy
it, whether such officers knew, or in the exercise of ordinary
care ought to have known, of the defect, and whether the death
of the horse was caused by the defect.

APPEAL from a judgment of the circuit court for Racine
county: E. B. BELDEN, Circuit Judge. *Reversed.*

Action to recover for the value of a horse, the death of
which is alleged to have been caused by insufficiency of a
highway in defendant town.

The complaint contained all allegations essential to a re-
covery. The answer put in issue all such allegations except
those relating to the corporate existence of the defendant and
the existence of the highway, and raised the question of con-
tributory negligence on the part of plaintiff.

At the close of the evidence on the part of the plaintiff the
court on motion granted a nonsuit. Judgment was rendered
accordingly, from which plaintiff appeals.

For the appellant there was a brief by *William Sanders*
and *Hand & Hand,* and oral argument by *E. B. Hand.*

For the respondent there was a brief by *Kearney, Thomp-
son & Myers,* and oral argument by *W. D. Thompson.*

MARSHALL, J. From the attitude of respondent's counsel
upon this appeal we apprehend the nonsuit was granted for
some, or all, of these reasons: (1) There was no credible evi-
dence of the defect in the highway which caused the alleged
injury to the horse having existed a sufficient length of time
before such injury to enable the town officers by the exercise
of ordinary care to discover and remedy it; (2) there was no
credible evidence that such officers knew, or in the exercise of
ordinary care ought to have known, of the defect; (3) there

is no credible evidence that the death of the horse was caused by the defect.

No time need be spent in discussing legal principles applicable to the case. If the evidence in any reasonable view thereof, giving plaintiff the benefit of the most favorable inferences that can fairly be attributed thereto, would support a verdict in his favor, then it was the province of the jury to determine the right of the controversy and the nonsuit was improperly granted. *Gower v. C., M. & St. P. R. Co.* 45 Wis. 182; *Badger v. Janesville C. Mills,* 95 Wis. 599, 70 N. W. 687.

Appellant testified to this effect: As he was proceeding south on the highway in question in the early part of the evening of Monday, March 28, 1904, driving a span of horses hitched to a light spring wagon in which he and his daughter were riding, just as the horses stepped across a stone culvert the off horse stepped a front foot into a hole near the west wheel track and some five feet east of the west end of the culvert. The hole was so deep that the whole length of the horse's leg entered it and his body struck upon the ground. Plaintiff had to assist the horse to extricate itself from the hole. After doing so he marked the hole with a stake. The horse immediately showed evidences of having been seriously injured. It was in such a condition that an hour and a half was required for plaintiff to drive the five miles necessary to reach his home. The horse was always well up to the time of the accident and was never well thereafter. It would not eat and grew gradually worse till it died about a month after the injury. There was other evidence from experts to the effect that a few days after the accident the horse became affected with pneumonia which progressed steadily till the case was hopeless, and that the occurrence of the horse getting into the hole and falling as it did, striking its breast upon the ground, would reasonably account for the development of the disease.

The foregoing renders argument unnecessary on the question of whether there was room in the evidence for the jury to reasonably find that the horse came to its death because of a defect in the highway. It seems to us that is quite plain.

Now as we read the evidence, four witnesses testified to the existence of a defect in the highway which the jury might reasonably have found to be the one where the accident occurred and which caused it. One witness testified to discovering a hole corresponding to the one in question three days before the accident, when the road was covered with water. Another witness testified that his horse stepped into a similar hole at the culvert the day before the accident, and that he caused notice of its existence to be on that day given to the town authorities. Two other witnesses, as before indicated, testified to the existence of such a hole the day before the accident, and one of such witnesses testified to there being other holes in the road near by. This it seems furnished ample room for the jury to find that the particular defect in the highway existed prior to the accident, and that notice thereof was given to the town authorities.

There was evidence to the effect that the pathmaster of the district in which the highway was located on the day he received notice of the defect went to the vicinity thereof and filled up a hole, but the evidence left it somewhat uncertain as to whether he filled up the particular hole, or, if he did, as to whether he used reasonable care in that regard to efficiently remedy the defect.

On the whole, as seems clear from the foregoing, there was evidence to go to the jury on all questions respecting which the learned trial court thought otherwise. We do not see any escape from the conclusion that the judgment must be reversed and a new trial granted.

*By the Court.*—So ordered.