Mahar, by guardian *ad litem,* Appellant, vs. Montello
Granite Company, Respondent.

*March 14—April 5, 1911.*

*Nonsuit, when granted: Evidence: Photographs: Exhibits: Appeal:
Harmless errors: Master and servant: Unsafe place to work: As-
sumption of risk.*

1. The fact that evidence may have been drawn out on cross-exam-
ination of plaintiff's witnesses which was not proper cross-
examination but rather a part of defendant's case, does not af-
fect the right of the court to grant a nonsuit when plaintiff rests
or afterwards, if in fact defendant is entitled to a nonsuit upon
all the evidence before the court when the motion therefor is
made.

2. Photographs which are shown to be in fact a correct representation of premises at the time in question, are not rendered inadmissible by the fact that they were not taken at that time.

3. Error in the admission of exhibits in evidence is not ground for reversal where the appellate court is satisfied that their exclusion would not have changed the result.

4. In determining whether a nonsuit should be granted, the plaintiff's evidence must be given the most favorable construction it will bear in his favor, and if there is credible evidence from which a reasonable inference can be drawn in support of plaintiff's case, then the question must be left to the jury.

.5. Plaintiff, twenty years of age and of ordinary intelligence, after working for several months in defendant's quarry, with all details of which he was familiar, was injured while pushing a tram car loaded with three granite blocks, one piled on top of the other two, by reason of the wheel of the car striking against a small stone on the track, thereby so jarring the load that one of the blocks slipped from its place and fell upon him. The stone workers were in the habit of throwing the grout or rubble stone on one side of the track, where it formed a continuous ridge three or four feet high along the track; and they either threw the stone in question upon the track or it rolled down from this ridge. There was no evidence of any defect in the car or track. *Held*, that as matter of law the plaintiff assumed the risk.

APPEAL from a judgment of the circuit court for Marquette county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff through his guardian *ad litem* to recover for personal injuries. At the time of the injury plaintiff was about twenty years of age, but at the time of the trial had arrived at majority and the action was continued by him personally. The plaintiff was engaged in the quarry of the defendant as a driller, and it was his duty when called upon to help push a tram car which was operated upon a track for the purpose of carrying large stones from one part of the works to another. During the process of pushing the car a large stone which was placed on top of two others fell or slipped from the car and injured the plaintiff.

The complaint charges that on the 26th day of May, 1908,. plaintiff was at work at his usual occupation in getting out granite blocks, and that at about 11 o'clock in the forenoon he was called upon by one Heller to work in his crew and assist in moving a dump car loaded with heavy blocks of granite; that four other persons assisted in moving said dump car; that it was the duty of the defendant to provide suitable and safe appliances in said work and a safe track for the car and to keep said track in repair and free from obstruction;. and that the defendant carelessly and negligently allowed to accumulate and remain close to the rails of said track great quantities of broken stone, rubble, and earth so that said stone,. rubble, and earth formed a ridge along the outside of said rails very much higher than the rails, sloping abruptly down to the same, so that pieces of stone were liable to roll upon the track and the rails thereof by a slight jar or the movement. of a car over said track.

It is further alleged that the defendant did not provide a. suitable dump car; that the one in use was old, worn out, and out of repair, of insufficient length, top-heavy, and of such faulty and negligent construction that when said car struck an obstruction the jar would cause the car to tilt suddenly backward and the load to slide off; that the car was carelessly and negligently overloaded and the load carelessly and negligently placed thereon by defendant so that it was unsafe to move the car; that the plaintiff had no knowledge of the facts above stated respecting the condition of the track or car or that said car was negligently constructed or loaded, which facts were known to defendant; that while plaintiff was assisting in pushing the car, a stone or other hard substance slipped or was jarred down from the ridge along the rails of said track in front of said car and obstructed the track, and that the car struck said obstruction, causing it to tilt backward, thereby causing a large block of granite loaded upon

the top of two other large blocks of granite to slip off backward and injure plaintiff.

The answer denies generally the material allegations of the complaint.

At the close of the plaintiff's evidence a motion for nonsuit was made by defendant and granted, and judgment entered dismissing the plaintiff's complaint with costs in favor of the defendant, from which judgment this appeal was taken.

For the appellant there was a brief by *Mahoney, Ryan & Kelm,* and oral argument by *E. H. Ryan.*

For the respondent there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

KERWIN, J. The evidence tends to prove that the defendant was operating a granite quarry at Montello, in which plaintiff had been at work about two years, first as a water boy four or five months, next as a tool carrier about five months, then as a driller drilling stones near the derrick in the yard for about eight months, and afterwards and up to the time of the injury drilling for the paving cutters. A derrick was located in the yard at the southerly end of a narrow-gauge track upon which a tram car was operated for the purpose of moving stones as required in the performance of the work. The plaintiff worked at the time of the injury and for some months prior at the northerly end of this track a short distance from said derrick. He had a clear view of the length of this track and passed up and down it, walking between the rails, several times a day. The stone workers were in the habit, when working on the side of this track, of throwing the grout or rubble stone across on the other side so that such rubble stone was piled up along the side of the track to a height of three or four feet and formed a ridge which was continuous along the line of the track opposite where the stone cutters were at work. This ridge or pile of rubble stone came

within about a foot, as the evidence tends to show, of the rail of the track. The track was about two and one-half feet wide, and the dump car operated thereon was a small affair about six feet across the track and four and one-half feet the other way, the bed of the car being about four and one-half feet above the rails. The distance between the center of the front axle and the rear axle was a little over three feet, and the bar upon which the bed of the car was fastened had a play of about an inch or an inch and a half backward and forward. One Heller had charge of moving the stones on this car, and at the time of the injury had loaded three large stones, two upon the bed of the car and the other on top of these two. The lower stones weighed about 400 or 500 pounds each and the third or top stone about 300 pounds. The stones were loaded upon the car by Heller by means of a derrick, and after being loaded Heller called plaintiff, who was close by upon the track, to help push the car, and plaintiff in connection with four others went behind the car to push it, plaintiff being in the middle and pushing on the lower part of the frame. After the car had been pushed a short distance the wheel struck a small stone about two inches thick, which was upon the rail, causing the car to jar and the top stone to slip off, falling upon plaintiff's leg, causing the injury.

There is no direct evidence as to how the small stone came upon the track, the theory being that it was thrown there by the stone cutters, or that the jar of the car caused it to roll down from the ridge of rubble on the side onto the rail. The evidence shows that the plaintiff was a man of at least ordinary intelligence and was perfectly familiar with the car, the track, and all the operations carried on in the yard. The complaint charges, among other things, improper construction of the car, but there is no evidence in the case showing improper construction of either car or track, the injury, as the testimony shows, being caused by the car striking the small

stone and thereby jarring the large stone so as to cause it to slide off.

The appellant relies upon the following grounds for reversal of the judgment: (1) That the defendant had waived its right to a nonsuit by the introduction of evidence before the motion was made; (2) that the court erred in receiving evidence against plaintiff's objection; (3) that the plaintiff's evidence did not show contributory negligence on his part, and that no contributory negligence on the part of the plaintiff appeared at the close of the plaintiff's evidence; (4) that the defendant did not furnish plaintiff a safe place to work; and (5) that the plaintiff did not assume the risk.

On the first point, respecting waiver of the right to nonsuit, the contention of appellant is based mainly upon the fact, as he claims, that some evidence was drawn out on cross-examination of witnesses produced by plaintiff which was improper and which in fact was a part of the defendant's case. We do not regard it necessary to consider or pass upon the question of whether or not some evidence was drawn out on cross-examination which was not proper cross-examination but a part of defendant's case, because we do not regard it as in any way affecting the right of the court to grant a nonsuit at the time plaintiff rested, or even afterwards during the progress of the case, if in fact all the evidence produced entitled the defendant to a nonsuit when such motion was made. The material question for consideration by the court at the time the motion for nonsuit was made was whether or not, upon all the evidence before the court at that time, any case had been made by the plaintiff.   6 Ency. of Pl. & Pr. 948. It is clear that the position of plaintiff that defendant waived its right to nonsuit is not tenable.

Error is also assigned on receiving in evidence photographs of the premises in question on the ground that there was no evidence as to when they were taken.   But there is ample evi-

dence going to show that they are correct representations of
the premises at the time of the injury, and, if so, it was not
very material when they were taken. The fact that they
were not taken at the time of the injury would be wholly im-
material and no objection to their admission in evidence, if
in fact the situation of the premises was the same when they
were taken as at the time of the injury.

Objection is also made by appellant to the reception of ex-
hibits 1 and 2 on the ground that they were not properly re-
ceived upon cross-examination of the witness Heller, who was
examined by plaintiff as an adverse witness under sec. 4068,
Stats. (1898). It seems that the court below allowed liberal
cross-examination of the witness Heller upon the theory that
a part of sec. 4068 is unconstitutional under the decision in
*Phipps v. Wis. Cent. R. Co.* 133 Wis. 153, 113 N. W. 456.
We do not regard it necessary to discuss the constitutionality
of sec. 4068, because we are satisfied that whether the exhib-
its referred to were admitted in evidence or not would not
change the result; therefore, even if we should concede they
were improperly admitted, the admission would in no way
prejudice the plaintiff.

Exhibit 2 was a written statement made by Heller before
his examination concerning the accident, which it was claimed
was purely defensive, therefore could not be introduced on
cross-examination by defendant. Exhibit 1 was a statement
made by one Timm, a witness for plaintiff, similar to ex-
hibit 2, and which was exhibited to him and identified when
his deposition was taken by plaintiff. The rulings respecting
these exhibits were clearly not prejudicial to the plaintiff.

The important question in the case is whether the plaintiff
was guilty of contributory negligence or that species of con-
tributory negligence known as assumption of risk. This we
consider the vital question in the case and it is the one upon
which the court below nonsuited the plaintiff. If the plaint-
iff was guilty of contributory negligence, or assumed the risk,

then the nonsuit was right whether the defendant was guilty of negligence in failing to furnish a safe place or not.   It is a well settled rule of law that an employee assumes the ordinary risks of the employment and such other risks as are open and obvious and which he knew or ought to have known.   Of course, in determining whether or not a nonsuit should be granted the plaintiff's evidence must be given the most favorable construction it will bear in his favor, and if there is credible evidence from which a reasonable inference can be drawn in support of plaintiff's case, then the question must be left to the jury.   *Kersten v. Weichman,* 135 Wis. 1, 114 N. W. 499; *Badger v. Janesville C. Mills,* 95 Wis. 599, 70 N. W. 687; *Kortendick v. Waterford,* 135 Wis. 77, 115 N. W. 331.

The court is of opinion that upon the plaintiff's evidence, which includes, of course, all legitimate cross-examination of his witnesses, it appears as matter of law that the plaintiff assumed the risk.   As the court below held in ordering nonsuit, everything was as open and obvious to the plaintiff as to the defendant.   Plaintiff for many months was in a position to see and know the situation and the danger which he encountered when he assisted in pushing the car.   He was perfectly familiar with the track and car and the position of the grout or rubble stone beside the rail, the operations of the stone cutters in throwing small stones across the track, the pile or ridge along the rail, and the liability of stone falling upon the rail by the jar in operating the car upon the track; so he was chargeable with the risks incident to the operation of the car upon the track.   Plaintiff had helped push the car several times a day for a long time before the accident, and was engaged in the very act of pushing it against the stone on the rail which jarred the car and caused the large stone to slide off and injure him.   Several cases from this court are cited and relied upon by the appellant which it is claimed are authority to the point that the question of assumption of risk

was for the jury.   We have carefully examined the cases cited and think they can be distinguished from the present case.   We will refer to a few of those relied upon.   In *Halwas v. American G. Co.* 141 Wis. 127, 123 N. W. 789, it was clear that the risk was not open and obvious.   In *Hocking v. Windsor S. Co.* 125 Wis. 575, 104 N. W. 705, the general rule is laid down that before the servant can be held to assume an unusual or extraordinary risk he must know or have reasonable means of knowing the danger to which he is exposed, and that a mere vague surmise of the possibility of danger is not sufficient to warrant a court in taking the case from the jury.   It appeared in the *Hocking Case* that the danger was not open and obvious; in fact was not known to plaintiff, because he understood that the machine had been repaired and made safe.   In *Hemmingsen v. C. & N. W. R. Co.* 134 Wis. 412, 114 N. W. 785, it did not appear clearly that the danger was known to deceased or that the facts proved were such as to charge him with knowledge as matter of law.   In *Gierczak v. Northwestern F. Co.* 142 Wis. 207, 125 N. W. 436, the injured party had no notice of the danger, hence it was held he did not assume the risk.

But it is unnecessary to further review authorities relied upon.   The case turns upon the facts established by the evidence, and the court is of opinion that upon the undisputed evidence the plaintiff assumed the risk, therefore the nonsuit was right.   We find no reversible error in the record.

*By the Court.*—The judgment of the court below is affirmed.