REILAND and wife, Appellants, vs. WISCONSIN VALLEY ELECTRIC COMPANY, Respondent.

*October 17—November 11, 1930.*

500

502

*Michael J. Dunn, Jr.* and *A. J. Sanders,* both of Milwaukee, for the appellants.

For the respondent there was a brief by *Brown, Pradt & Genrich,* and oral argument by *L. A. Pradt, Jr.* and *F. W. Genrich,* all of Wausau.

NELSON, J. The plaintiffs contend that the court erred in granting defendant's motion for a nonsuit, for the reason that there was evidence from which the jury might properly have found that the defendant was guilty of negligence proximately causing said death and that the deceased was free from negligence contributing to his death.

The plaintiffs' contentions are based upon the claim that the wires belonging to the city of Stevens Point were not insulated; that the defendant did not elevate them to a sufficient height under the circumstances; that the defendant should have reasonably anticipated that some one might come in contact with them; that, under the circumstances, the defendant should have given warning as to the danger of contact with the power wires by posting or suspending from the wires a danger sign; that the failure to do these things constituted issues which should have been submitted to the jury. With these contentions we are unable to agree.

The law is well settled in this state that in determining whether or not a nonsuit should be granted the plaintiff's evidence must be given the most favorable construction it will bear in his favor, and if there is credible evidence from which a reasonable inference can be drawn in support of plaintiff's case the question must be left to the jury. *Mahar v. Montello Granite Co.* 146 Wis. 46, 130 N. W. 949; *Kortendick v. Waterford,* 135 Wis. 77, 115 N. W. 331.

It is also elementary that "electricity is a powerful and subtle force. Electric wires are highly dangerous agencies,

and it is well settled that companies generating and transmitting electricity over their wires are required to exercise a high degree of care and caution in order to prevent injury." *Ottman v. Wisconsin-Michigan Power Co.* 199 Wis. 4, 6, 225 N. W. 179.

It is also elementary that the burden of proof as to defendant's negligence was upon the plaintiffs.

We have carefully examined the whole record for the purpose of determining whether there is any evidence therein upon which a jury might be justified in finding negligence on the part of the defendant, with the result that we have found no such evidence. No negligence is suggested unless it be the mere failure of the defendant to elevate the wires to a height greater than twenty-five feet and three inches. It will be remembered that these wires did not belong to the defendant but in fact belonged to the city of Stevens Point. It will be further remembered that these wires were removed and elevated to a height satisfactory in all respects to the Schroeder Company and that they were in fact elevated to a height which did not interfere with the operation of the power shovel; that the telephone wires, not the power wires, sagged and interfered with the operations of the shovel. The possible negligence of the owners of the telephone wires in removing and elevating such wires was in no wise the negligence of the defendant. The defendant having performed its work in the presence of Schroeder and pursuant to his instructions and in what clearly appears to have been a careful and prudent manner, the jury was properly not permitted to spell out negligence on the part of the defendant when in truth and in fact there was no evidence of negligence.

The defendant was in no way responsible for the uninsulated condition of the city's wires and no plausible suggestion is made by the plaintiffs as to how the defendant could be held responsible for such a condition. Certainly

the defendant had no control over the city's wires. There is no evidence to the effect that such wires as used and as situated should be insulated. Such wires were without the city of Stevens Point and were constructed along the highway. The court might well take judicial notice of the fact that high-power uninsulated wires are found quite generally throughout this state, especially in rural sections. So we conclude that the jury should not have been permitted to find under the circumstances that the defendant was negligent because the city's wires were not insulated.

The contention of the plaintiffs that the defendant's failure to post signs specifically giving warning as to the dangers of coming in contact with the high-power wires, is, in our opinion, under the circumstances, without merit. The deceased was an experienced operator of a power shovel and had been engaged in such work for at least four seasons. He had been specifically instructed by his employer that when wires interfered with the operations not to move them but to notify either his employer or the foreman on the job. He knew that when wires interfered, operations should cease and that he and other employees were not supposed to move the wires. He must have recognized, as did all the other employees who testified, the difference between the telephone and the power wires. He was, for all practical purposes, warned by a fellow employee as to the danger, just immediately before the accident. With all of these undisputed circumstances in the case, what additional effect upon the deceased could a warning sign have had? We believe absolutely none.

If, however, there were some evidence upon which a jury might properly base a verdict finding the defendant negligent, we are of the sustained opinion that the negligence of the deceased so clearly appears as to make him unquestionably guilty of contributory negligence as a matter of law. The facts which justify this conclusion and which fully

justify the decision of the trial court in granting a nonsuit have been hereinbefore set forth. To hold under the undisputed facts in this case that the deceased was not negligent as a matter of law would require us to ignore the law of this state applicable to situations of this kind. As was said in *Ottman v. Wisconsin-Michigan Power Co., supra,* page 7, "Those obligated to work in close proximity to such wires must also use due care. They cannot accept the consequences of their own recklessness and compel an electric company to pay therefor. Not only plaintiff's conduct in trying to work his way through these wires without coming in contact with both of them, but his frank admissions, show that he realized that he was embarking upon a dangerous undertaking in attempting to project himself between these two wires. Upon the record there is no room for a conclusion that in so doing he was acting in the exercise of ordinary care. In the face of danger such as this, fully appreciated, one should not accept challenges or gamble with consequences. *Huber v. La Crosse City R. Co.* 92 Wis. 636, 66 N. W. 708; *Billington v. Eastern Wis. R. & L. Co.* 137 Wis. 416, 119 N. W. 127; *Glander v. Milwaukee E. R. & L. Co.* 155 Wis. 381, 144 N. W. 972; *Wilger v. Wisconsin T., L., H. & P. Co.* 160 Wis. 654, 152 N. W. 414; *Bonniwell v. Milwaukee L., H. & T. Co.* 174 Wis. 1, 182 N. W. 468. Although the facts involved in these cases are not identical with the facts here presented, the principles there announced are plainly applicable here."

So in this case must it be said that upon the record there is no room for the conclusion that the deceased was acting in the exercise of ordinary care.

For the reasons stated we can see no alternative but to approve the action of the court below in granting defendant's motion for nonsuit.

*By the Court.*—Judgment affirmed.