VOLLAND, Appellant, vs. McGEE and another, Respondents.

*May 20—June 12, 1941.*

For the appellant there was a brief by *Fischer, Brunner & Strossenreuther,* attorneys, and *M. G. Eberlein* of counsel, all of Shawano, and oral argument by *L. J. Brunner.*

For the respondents there was a brief by *Genrich & Genrich,* attorneys, and *Herbert L. Terwilliger* and *James A.*

*Fitzpatrick* of counsel, all of Wausau, and oral argument by *Mr. Fred W. Genrich* and *Mr. Terwilliger.*

ROSENBERRY, C. J.    Upon the filing of the *remittitur* in the court below the trial court on the 17th day of February, 1941, entered the following order:

"It is hereby ordered and adjudged that the order of this court entered on the 23d day of February, 1940, vacating and setting aside the verdict and judgment herein and granting a new trial, be set aside and vacated, and the judgment entered on the 28th day of December, 1939, is hereby reinstated."

Thereafter the plaintiff served a notice of appeal from the judgment entered on the 28th day of December, 1939. Defendants now move to dismiss the appeal on the ground that it was not taken within the time limited by law. The motion made by the defendants raises the question whether the time between February 23, 1940, when the trial court entered its order vacating and setting aside the judgment entered December 28, 1939, and the time when the trial court entered its order reinstating the judgment should be included in computing the time within which the appeal should be taken.

The defendants argue that under the decision in *Lingelbach v. Carriveau* (1933), 211 Wis. 653, 248 N. W. 117, 248 N. W. 922, where it was held that an order of the trial court made more than sixty days after the rendition of the verdict, which order in terms set aside the verdict and granted a new trial, is void; that the order of February 23, 1940, granted a new trial and was therefore void; hence the judgment was never set aside and vacated and the time should be computed in disregard of that order from the 28th day of December, 1939.

The contention óf the plaintiff is that a vacation or suspension of a judgment unless void removes and destroys such judgment for the purpose of computing the time for appeal. Such seems to be the general rule of law. See 4 C. J. S. p. 910,

§ 443, and cases cited, 3 Am. Jur. p. 141, § 418, and cases cited.

The decision turns upon whether the order vacating and setting aside the judgment was void or erroneous. The order of February 23, 1940, did two things : (1) It vacated and set aside the judgment; (2) it in effect set aside the verdict. It was held that the court had no power to set aside the verdict after the expiration of sixty days from the date of its rendition, no order extending the time having been made. On motion for rehearing we pointed out that the trial court did not lack jurisdiction to vacate and set aside the judgment and in the original opinion it was pointed out that the court had this power under the provisions of sec. 252.10 (1), Stats. While the order of February 23, 1940, was void so far as it attempted to set aside the verdict, it was valid so far as it vacated and set aside the judgment. We conclude that the period during which the judgment was vacated and set aside should not be computed as a part of the time within which an appeal must be taken. The judgment having been entered, the time for appeal began to run from the date of its entry. Therefore, the appeal was from the judgment entered on the 28th day of December, 1939. The mandate of this court required the trial court to reinstate the judgment which it did. The plaintiff properly took his appeal from that judgment. The time during which the judgment was vacated not being a part of the time within which the appeal was to be taken, the appeal in this case was timely taken.

*By the Court.*—The motion to dismiss the appeal is denied with $10 costs.