VOLLAND, Appellant, vs. McGEE and another, Respondents.

*October 6—November 4, 1941.*

For the appellant there was a brief by *Fischer, Brunner & Strossenreuther*, attorneys, and *Eberlein & Eberlein* of counsel, all of Shawano, and oral argument by *L. J. Brunner* and *M. G. Eberlein*.

For the respondents there was a brief by *Genrich & Genrich*, attorneys, and *Herbert L. Terwilliger, James A. Fitzpatrick*, and *William J. Hoffmann* of counsel, all of Wausau, and oral argument by *Mr. Fred W. Genrich, Jr.*, and *Mr. Terwilliger*.

FAIRCHILD, J. After judgment of dismissal had been ordered by the circuit court a motion by appellant to set aside the judgment and for a new trial was granted below. That order was not effective as the trial court could not set aside the verdict and grant a new trial after sixty days had elapsed from the rendering of the verdict, no extension of time for cause having been granted. This is a fixed rule provided by sec. 270.49 (1), Stats. On appeal from that order the matter was considered by this court in *Volland v. McGee*, 236 Wis. 358, 294 N. W. 497, 295 N. W. 635, and another question of practice was raised in 238 Wis. 227, 298 N. W. 602. The case is now before us on appeal from the judgment of December 28, 1939. Appellant assigns as error instructions to the jury with relation to the speed at which he should have been traveling. He also claims to be entitled to judgment notwithstanding the verdict; and to a change of answers of the special verdict and for judgment on the verdict as so amended. So one question presented is whether appellant's case was properly placed before the jury. This depends upon the correctness of the court's instructions as to appellant's duty with respect to the speed of his car at the time of the collision. The jury was told that appellant was negligent if his speed at the

time exceeded twenty miles per hour. The facts in evidence to which the instruction related did not require or warrant such a charge. The instruction as given was well calculated to carry the impression to the jury that under the applicable law appellant's speed was excessive and was a proximate cause of the collision. Appellant appears to have been driving in his proper lane of travel and his speed was not limited beyond the rule of due care set out in sec. 85.40 (1), Stats. 1937. But the jury was told that the accident happened in a residential district and that "a maximum permissible speed on any highway in a residential district shall be twenty miles an hour . . . and therefore if you find just prior to the accident that . . . Harold Volland was driving his car at a speed of more than twenty miles an hour, then you must answer such subdivisions [relating to negligence as to speed] as to such driver yes." Volland had testified to his driving at twenty-five or thirty miles per hour. This charge as to speed practically compelled the jury to find appellant negligent with relation to speed. Although the accident occurred in the unincorporated village of Keshena, it did not occur in a residential district as defined by sec. 85.10 (29), and interpreted in *McGill v. Baumgart,* 233 Wis. 86, 288 N. W. 799. That case held that a mathematical summation of the frontage, meaning space in front of buildings only without regard to the surrounding grounds, must amount to more than fifty per cent before the area is residential within the meaning of the statute. The facts of this case do not fall within that requirement, so the instruction that the scene of the accident was a residential area was erroneous. That it was prejudicial cannot be questioned since the instruction related to an element of negligence of which appellant was found guilty.

The record shows that the learned trial judge reached the conclusion his instructions had been erroneous when motions were later made to review the ruling that the collision occurred in a residential district. In a memorandum opinion

granting a new trial the lower court said: "It now seems certain to the court that it was in error when it held it a residential district. In *McGill v. Baumgart,* in interpreting the statute with respect to 'residence district,' our supreme court held that the frontage for three hundred feet had to be 'mainly' occupied by dwellings, or dwellings and business buildings, and that meant over fifty per cent of the frontage had to be so occupied. The trial court interpreted the residence statute to mean, 'the buildings, and its yard or appurtenances,' had to occupy more than one half of the three hundred feet."

As to the question of whether appellant is entitled to have the jury's answers to certain questions changed as a matter of law or whether a new trial should be granted, it is considered that the testimony lacks the quality of certainty which would enable a court to say as a matter of law that the appellant immediately before the accident was not in a position to avoid the accident. There is evidence in the form of estimates of the distance appellant was from the scene of collision when he first noticed that respondent's car was moving broadside in his direction on the west side of the road. Respondent's testimony creates a conflict in the evidence and raises a jury question as to the negligence, if any, of appellant.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.