FRANKLAND, Administrator, Plaintiff, vs. DE BROUX and another, Defendants and Appellants: HARTFORD ACCIDENT & INDEMNITY COMPANY and another, Impleaded Defendants and Respondents.

*June 12—July 1, 1947.*

212

213

214

For the appellants there were briefs by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen* of counsel, all of Wausau, and oral argument by *Mr. Wakeen* and *Mr. Herbert J. Terwilliger.*

For the respondents there was a brief by *Fisher, Reinholdt & Peickert* of Stevens Point, and oral argument by *Richard T. Reinholdt.*

BARLOW, J.  The inquiry here is whether, after giving the testimony the most favorable construction it will bear in appellants' favor, there is credible evidence from which a reasonable inference can be drawn in support of the case. *Boyce v. Independent Cleaners, Inc.* (1932) 206 Wis. 521, 240 N. W. 132; *Kortendick v. Waterford* (1908), 135 Wis. 77, 115 N. W. 331; *Mahar v. Montello Granite Co.* (1911) 146 Wis. 46, 130 N. W. 949; *Reiland v. Wisconsin Valley Electric Co.* (1930) 202 Wis. 499, 233 N. W. 91.  This requires an examination of the evidence.

Appellants contend the facts show Bauman had plenty of time and opportunity to avoid the collision.  To sustain this position they quote from the adverse examination of respondent Bauman that the accident happened about four hundred to four hundred fifty feet east of the crest of the hill.  The testimony on the adverse examination was given prior to the time he made an examination of the premises, and at the trial he testified the collision occurred between one hundred and one hundred fifty feet east of the crest of the hill, which is corrobo-

rated by the testimony of Nienow, the traffic officer, who testified the collision happened one hundred twenty-five feet east of the crest of the hill. The debris from the collision was at this point, and the De Broux car was stopped not more than one hundred sixty feet east of the crest of the hill.

Appellants argue that even though one has the right of way he is not justified in recklessly plunging ahead under all circumstances, citing *Zutter v. O'Connell* (1930), 200 Wis. 601, 229 N. W. 74; *Glatz v. Kroeger Bros. Co.* (1919) 168 Wis. 635, 170 N. W. 934; *Rebholz v. Wettengel* (1933), 211 Wis. 285, 248 N. W. 109.

Respondents contend the reckless and negligent conduct of De Broux created an emergency which required practically instantaneous action on the part of Bauman in making and executing his decision, thereby exonerating him from negligence in the management and control of his truck.

Appellants rely on *Zastrow v. Schaumburger* (1932), 210 Wis. 116, 245 N. W. 202; *Rebholz v. Wettengel, supra;* and *Volland v. McGee* (1941), 238 Wis. 598, 300 N. W. 506, to sustain their position that it is a question of fact for the jury whether the circumstances here constituted causal negligence on the part of Bauman.

It is undisputed that De Broux was guilty of negligence with respect to, (a) speed; (b) lookout; (c) management and control; and (4) traveling on the wrong side of the highway, but it is argued that in spite of this Bauman was guilty of negligence in the management and operation of his truck. It is argued that he could have stopped his truck prior to the time of the collision with the De Broux car and that while the truck was two feet on the shoulder he could have turned farther to the right as the shoulder was six feet wide.

The soundness of these contentions depends upon whether Bauman had sufficient time to make a decision or whether he was required to take instantaneous action. The burden of proof was on the appellants to establish negligence on the part

of Bauman. De Broux did not see the lights of the tractor-trailer until after he had struck the Kuntz car and did not remember what happened after that. Kuntz testified his car was struck and almost immediately thereafter there was a collision between the De Broux car and the tractor-trailer. Bauman testified De Broux's car zigzagged when it was about twenty-five feet from the tractor-trailer, crossing to the north of the center of the highway where the collision occurred. Bauman had a right to assume the De Broux car would remain on its proper side of the highway until such time as it invaded Bauman's lane of travel. The fact Bauman saw the De Broux car when it came over the crest of the hill; at which time he was about three hundred feet from it, does not charge him with knowledge that the De Broux car was going to invade his right of way until such time as the De Broux car actually began to invade it.

De Broux was traveling forty to forty-five miles an hour just before he struck the Kuntz car and he swerved to the left immediately after striking it. Nothing in the argument as to the distances covered by the De Broux car and the tractor-trailer disproves the fact that the two collisions were almost instantaneous, and the physical facts show the De Broux car was on the right-hand side of the highway just before it struck the tractor-trailer. This clearly distinguishes the present case from the *Rebholz Case, supra,* and other cases relied on by appellants and brings it under the emergency rule as held by this court in *DeKeyser v. Milwaukee Automobile Ins. Co.* (1941) 236 Wis. 419, 295 N. W. 755; *School v. Milwaukee Automobile Ins. Co.* (1940) 234, Wis. 332, 291 N. W. 311; *Driessen v. Moder* (1940), 233 Wis. 416, 289 N. W. 689; *Schwab v. Martin* (1938), 228 Wis. 45, 279 N. W. 699. Bauman was confronted with an emergency created by the plaintiff, to which no act on his part contributed. He cannot be charged with negligence as to control merely because he did not stop his truck if he could have stopped it,

or did not turn farther to the right if this was possible, when he took the course which on the spur of the moment seemed to be the only thing he could do to avoid the impending collision.

We conclude there was no causal negligence on the part of the respondent Bauman as a matter of law and the trial court properly dismissed appellants' cross complaint.

*By the Court.*—Judgment affirmed.