RADDANT (Myrtle), Plaintiff and Respondent, vs. TAMMINEN and another, Defendants and Appellants: RADDANT (Jewel), and another, Impleaded Defendants and Respondents. [Three cases.]

*January 7—February 2, 1954.*

50

For the appellants Esther Tamminen and Great American Indemnity Company of New York there were briefs by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen, Walter H. Piehler,* and *Neil M. Conway* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger.*

For the appellant Paul A. Weiss there was a brief by *Russell J. Greb* of Waukesha.

For the impleaded respondents there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Charles F. Smith, Jr.*

FAIRCHILD, C. J. The first question on this appeal is: Was an emergency created solely by the negligent acts of appellant, or did Jewel Raddant act so as to contribute to that emergency? Mrs. Weiss was attempting to pass a car which was admittedly moving at the rate of 55 miles per hour. She was moving toward a hill in the road which declined in the direction she was going. Her view was thus limited so that she could not see the oncoming car until it was too late to avoid a collision. She took a chance on passing the car in front of her without being perfectly sure that she would have time to get around it and back into her own lane of travel safely. Users of the highway are required to observe the rules of the road, and it was the duty of Mrs. Weiss under the law to stay in her lane of travel or keep such a position on the road as would allow her enough space to return to it safely.

When Raddant was suddenly faced with the emergency created by Mrs. Weiss' violation of the law of the road, he was proceeding in a perfectly proper way, observing the rules of the road. It is contended by appellants that Raddant was guilty of negligent lookout and management and control. They base their claim of negligence as to lookout on the fact that Raddant could have seen the top of the Weiss car when it was 600–700 feet down the road. In his memorandum opinion, the trial court describes the situation as follows: "He was, at least, 83 feet south of where the cars stopped when he·saw the approaching car because he skidded that far. And the evidence certainly would cause one to reach no other conclusion than that the Weiss car traveled at least

83 feet during the time the Raddant car traveled 83 feet. Both cars traveled another 50 feet or so after Raddant saw the car, and before he could apply the brakes, so that he saw the Weiss car when it was at least 266 feet away, and probably just about the time it started to turn out to pass the Peterson car." The claim of appellants that Raddant should have seen the top of the Weiss car when it was 600 or 700 feet down the road would not lead to a showing of negligence on his part, because at that distance he would have a right to assume that the approaching driver would get to his right side. Moreover, seeing only the top of the car from such a distance, he should not be expected to determine where the car was on the road.

Under the facts established the court below rightly decided that Mrs. Weiss unlawfully invaded Raddant's lane of travel and that she created an emergency in which the collision occurred; and that Raddant did not contribute to that emergency.

The other question to be considered is whether Raddant acted with ordinary care and as a prudent man would act under such an emergency. Appellants contend that Raddant was negligent with respect to management and control of his car. They base this contention primarily on the fact that the shoulder of the road was wide enough so that he could have driven his car farther onto it than he did and thus got out of Mrs. Weiss' way. Raddant testified that he was just coming up the hill when he first saw the Weiss car, "just when I tipped over the hill, by that I mean I was still going up hill and when I could look down hill the other way I saw two cars. My car was about a car length from the crest of the hill when I saw her. I would judge she was about 300 feet away when I first saw her." However, when he was suddenly confronted by the emergency created by Mrs. Weiss' occupying his right of way and approaching at considerable speed, he was compelled to act instantly. The distance between them

when they saw each other was covered too swiftly to enable him to carefully study the situation involving the condition of the shoulder, its width, and the depth of the ditch adjacent to it. He testified: "I was scared. . . . After I swung that far I figured I would tip over if I would go any further." In retrospect one may think of something that might have been done; but the situation confronting Raddant, including his concern for his seven children and his wife, his unfamiliarity with the shoulder of the road, and the requirement for instantaneous action with no opportunity in which to weigh the advantage of one course over another. If he made such a choice under the circumstances as a person of ordinary care and prudence placed as he was might have made, he is not to be held guilty of negligence, "even though he did not make the wisest choice." *Klas v. Fenske,* 248 Wis. 534, 546, 22 N. W. (2d) 596; *Frankland v. De Broux,* 251 Wis. 210, 28 N. W. (2d) 256; *Hoehne v. Mittelstadt,* 252 Wis. 170, 31 N. W. (2d) 150. In his opinion, the trial court said:

"It seems to me that is the situation we have here. This emergency was created by the act of Mrs. Weiss, and Jewel Raddant did not contribute to that emergency. It may be it would have been the better course for him to pursue to have turned to the right a little farther but the undisputed physical facts and all the credible evidence is to the effect that he was about two feet off the highway on the shoulder. There is no credible evidence to the contrary in the entire case, and the physical facts substantiate that. A man with his wife and seven children in the car is not obliged to act as an insurer of people who, through their negligence create a hazard upon the highway. That is the situation we have here."

In the matter of appellant's contention that the evidence presented a jury question as to Raddant's negligence as to lookout and as to management and control, the trial court ruled that "there is no evidence to submit to the jury which

would justify the jury in finding the defendant, Jewel Rad-
dant, negligent in any respect. The court so holds."

We agree with the ruling of the court below.

*By the Court.*—Judgments affirmed.