DEIGNAN and another, Respondents, vs. NEW AMSTERDAM CASUALTY COMPANY and another, Appellants.

*December 2, 1957—January 7, 1958.*

For the appellants there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

For the respondents there was a brief by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox.*

BROWN, J. Appellants submit that Patricia is absolved as a matter of law from negligent management and control because she was confronted by a sudden emergency to which she had not contributed, citing *Johnson v. Prideaux* (1922), 176 Wis. 375, 378, 187 N. W. 207:

". . . 'an automobile driver, who by the negligence of another . . . is suddenly placed in an emergency . . . , is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice.' "

And *Frankland v. De Broux* (1947), 251 Wis. 210, 217, 28 N. W. (2d) 256, where we said:

"Bauman was confronted with an emergency . . . , to which no act on his part contributed. He cannot be charged with negligence as to control merely because he did not stop his truck, if he could have stopped it, or did not turn farther to the right if this was possible, when he took the course which on the spur of the moment seemed to be the only thing he could do to avoid the impending collision."

There are at least two burdens which appellants must carry before the emergency doctrine is available to them. They must convince the trier of the fact that an emergency developed so suddenly and unexpectedly that there was no time for considered action; and that no act or failure to act by the person who claims the protection of the doctrine contributed to produce the emergency.

Patricia's testimony on the accident was (summarized):

"I started going into the turn, cutting across the highway, and as I seemed to have the car quite level diagonally across

the highway, I noticed lights coming up on my left as though they were going to hit me. I then increased my rate of speed. I thought I could make the turn. I went to the shoulder on the turn of the road and that pulled me into the ditch. When the car came to a stop, I was about 15 to 20 feet off of Highway No. 64. The vehicle from behind gave me no audible signal of any kind. I did the best I knew how in making that left turn.

"When I observed the truck behind me, when I started to make the turn, I thought I would have time to turn and get out of the way. When I speeded up to get out of the way of the truck that was behind me, I thought I could keep my car under control, and I thought I could still make the turn, but I could not keep my car under control."

Mrs. Deignan testified that Patricia slowed down before making the left turn.

The following truck did not collide with the Deignan car. One may doubt that an emergency actually existed but, if it did, Patricia's alteration of her course and speed may well be found to be contributing factors.

Tennessee recognizes the emergency doctrine, as we do, but it appears that the courts in that state are even more reluctant than we to take the question from the jury. Our trial court considered that a jury question was presented, in which we agree. It instructed the jury on the existence and application of the "emergency" defense. On this record we think that is as much as appellants were entitled to. After that the determination of the fact is for the jury.

Appellants submit that the damages are excessive. Plaintiffs testified to severe pain over a substantial period, and to considerable lasting physical impairment. The weight and credibility of their evidence was for the jury. We cannot say that the awards of damages are excessive.

Appellants complain of instructions on damages but we do not find them erroneous or prejudicial. They also assert error in the admission of a chiropractor's bill. A proper

foundation was not laid, but the bill was admitted without timely objection. When objection was made the trial court considered it came too late. This is largely a matter for the court's discretion. The amount of the bill is not in the record; it cannot have been large. The record does not permit us to find any substantial prejudice nor, under the circumstances, error in the initial admission of the evidence nor abuse of discretion later in retaining it.

*By the Court.*—Judgment affirmed.